**IN THE SUPREME COURT OF TENNESSEE**
**AT JACKSON**

**FILED**

**FOR PUBLICATION**

**May 10, 1999**
**Filed:** May 10, 1999

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE, | ) | SHELBY COUNTY |
| | ) | |
| v. | ) | Hon. Joseph B. Dailey, Judge |
| | ) | |
| ABRAHAM GALMORE, | ) | No. 02S01-9804-CR-00033 |
| | ) | |
| APPELLANT. | ) | |

FOR APPELLANT:

A. C. WHARTON
PUBLIC DEFENDER
MEMPHIS

M. MARK WARD
ASSISTANT PUBLIC DEFENDER
MEMPHIS

FOR APPELLEE:

JOHN KNOX WALKUP
ATTORNEY GENERAL & REPORTER

MICHAEL E. MOORE
SOLICITOR GENERAL

MICHAEL J. FAHEY II
ASSISTANT ATTORNEY GENERAL
NASHVILLE

# O P I N I O N

AFFIRMED

HOLDER, J.

**OPINION**

We granted this appeal to determine: 1) whether the State may impeach a defendant's credibility by referring to an unnamed felony conviction; and 2) if not, whether a non-testifying defendant must show that he did not testify because of the trial court's ruling. We hold that the trial court erred in permitting the State to impeach the defendant's credibility by referring to an unnamed felony conviction. We further hold that the defendant was not required to preserve his objection by stating that he would have testified in his trial but for the trial court's ruling or by making an offer of proof as to his proposed trial testimony. Although the ruling as to the admissibility of the prior felony was improper, it does not mandate reversal in this case.

**BACKGROUND**

On December 14, 1993, James Hathaway and the defendant, Abraham Galmore, robbed Dan and Maxine Swartz, the resident managers of a self-storage facility in Memphis. Both victims were shot in the head, stabbed, and cut across the throat. Mr. Swartz died as a result of his injuries. Mrs. Swartz survived and was able to identify Hathaway, whom she knew prior to the incident, as one of the perpetrators. Galmore admitted his involvement in the robbery but denied having harmed either victim.

Prior to trial, the State gave written notice pursuant to Tenn. R. Evid. 609(a)(3) of its intent to impeach the defendant's credibility with six prior burglary convictions and one prior robbery conviction. After a hearing, the trial court concluded that the six burglary convictions could be used for impeachment purposes. As to the robbery conviction, the trial court stated that it was inclined

2

to allow the State to use that conviction by asking the defendant, "Isn't it true that you are the same Abraham Galmore that was convicted of a felony on September 1, 1992, in indictment 92-02608, and received a sentence of X years. . . ?"[1]  The defendant did not testify at trial.  The jury convicted the defendant of especially aggravated robbery and criminally negligent homicide.  The trial court imposed an effective sentence of sixty-six years.

Relying on State v. Summerall, 926 S.W.2d 272 (Tenn. Crim. App. 1995), the Court of Criminal Appeals held that admission of a prior conviction of "a felony" without further identification would have been improper.  The court, however, concluded that the trial court's ruling was not reversible error because the defendant failed to demonstrate prejudice.  The court noted that the defendant neither showed that he would have testified had the unnamed felony conviction been excluded nor made an offer of proof as to his proposed trial testimony.  The court further held that any error was harmless based on the overwhelming evidence of guilt and the admissibility of the six burglary convictions for impeachment purposes.

**ANALYSIS**

The State concedes that the trial court erred in ruling that the defendant's credibility could be impeached by asking whether he had been convicted of an unnamed felony.  The State, however, argues that the defendant waived his right to consideration of the issue on appeal because he:  (1) failed to show that he did not testify because of the ruling; and (2) failed to make an offer of proof as to

---

[1]Although the record does not include a final ruling on this issue, the defendant stated during a jury-out hearing that he understood the trial court's ruling that the State could not ask about the robbery conviction per se but could ask whether he had a felony conviction.  The defendant then indicated that he did not wish to testify.  The record is silent as to whether the defendant intended to testify if the robbery conviction were excluded.

3

his proposed testimony. The defendant contends that the requirements proposed by the State conflict with Tenn. R. Evid. 609(a)(3), are against public policy, and have practical problems in implementation.

## I.

Before the accused in a criminal prosecution may be impeached by proof of a prior conviction, the trial court "must determine that the conviction's probative value on credibility outweighs its unfair prejudicial effect on the substantive issues." Tenn. R. Evid. 609(a)(3). In making this determination, the trial court should (1) "analyze the relevance the impeaching evidence has to the issue of credibility" and (2) "'assess the similarity between the crime on trial and the crime underlying the impeaching conviction.'" State v. Mixon, 983 S.W.2d 661, 674(Tenn. 1999) (quoting N. Cohen, D. Paine, and S. Sheppeard, Tennessee Law of Evidence, § 609.9, at 376 (3d ed. 1995)).

The prior conviction at issue is robbery.[2] Robbery is a crime involving dishonesty and may be used for impeachment purposes. State v. Caruthers, 676 S.W.2d 935, 941 (Tenn. 1984). The defendant was indicted for especially aggravated robbery, murder during the perpetration of a robbery, and first degree premeditated murder. Evidence of a prior conviction that is the same or similar in nature to an offense being prosecuted is not per se inadmissible for impeachment purposes. See State v. McGhee, 746 S.W.2d 460, 463 (Tenn. 1988); State v. Roberts, 943 S.W.2d 403, 408 (Tenn. Crim. App. 1996). Similarity between the crime on trial and the impeaching conviction, however,

---

[2]The defendant did not challenge the trial court's ruling regarding the admissibility of the six prior burglary convictions.

4

could improperly influence a jury to convict a defendant based on propensity evidence.

In the case now before us, the trial court attempted to mitigate the potential prejudice of the impeaching evidence by referring to the robbery conviction only as a prior "felony conviction." Not identifying the felony, however, would permit a jury to speculate as to the nature of the prior conviction. State v. Barnard, 899 S.W.2d 617, 622 (Tenn. Crim. App. 1994). Furthermore, instructing the jury on an unnamed felony would provide inadequate information for a jury to properly weigh the conviction's probative value as impeaching evidence. Summerall, 926 S.W.2d at 277. We hold that the proper application of the balancing test under Tenn. R. Evid. 609(a)(3) requires identification of the prior conviction. Therefore, the trial court erred in ruling that the State could impeach the defendant's credibility by asking him if he had been convicted of an unnamed felony.

II.

We shall next address the requirements for preserving the issue for review on appeal. Tennessee Rule of Evidence 609(a)(3) provides that "[i]f the court makes a final determination that such proof [of a prior conviction] is admissible for impeachment purposes, the accused need not actually testify at trial to later challenge the propriety of the determination." This provision in Tenn. R. Evid. 609(a)(3) is not contained in the rule's federal counterpart. See Luce v. United States, 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984).

In Luce, the United States Supreme Court held that a defendant must testify to raise and preserve for review the claim of improper impeachment with a

5

prior conviction. 105 S.Ct. at 464. The Court reasoned that a reviewing court is handicapped in weighing the probative value of the impeachment evidence against its prejudicial effect when the precise nature of the defendant's testimony is unknowable. Id. at 463. In addition, the Court found that, because the decision to testify seldom turns on the resolution of one factor, a reviewing court cannot assume that the adverse ruling on admissibility of impeachment evidence motivated the defendant's decision not to testify. Id.

Despite Tennessee's rejection of the Luce rule, the Court of Criminal Appeals considered persuasive the reasoning of the United States Supreme Court. The Court of Criminal Appeals held that at least two things must occur before a non-testifying defendant can successfully appeal the trial court's ruling on the admission of a prior conviction. First, it must appear from the record that the defendant did not testify because of the adverse ruling on admissibility of a prior conviction. Second, the defendant should make an offer of proof as to his proposed trial testimony.

The Court of Criminal Appeals stated that the first requirement was best addressed by requiring the defendant to so testify outside the presence of the jury. The court noted that the record is silent as to why the defendant did not testify. The court expressed doubt that the proposed admissibility of the unnamed felony conviction had any impact on the defendant's decision not to testify in view of the evidence and the admissibility of the six prior burglary convictions. Although we cannot conclude that the defendant would have testified if the unnamed felony conviction were not admitted, it is quite possible that the adverse ruling was a factor in the defendant's decision not to testify. Moreover, we agree with the defendant that this pro forma requirement could only penalize the unsophisticated or ill-advised defendant who is unaware that

6

he can later decide not to testify if the prior conviction is excluded.  See State v.

Whitehead, 517 A.2d 373, 377 (N.J. 1986).  Therefore, we conclude that the

defendant is not required to show that he did not testify because of the adverse

ruling on impeachment evidence.


While recognizing that the making of an offer of proof as to the

defendant's proposed trial testimony can be a time-consuming procedure for the

already overburdened trial courts, the Court of Criminal Appeals reasoned that

such a procedure was necessary for an appellate court to properly assess the

impact of the trial court's ruling.  The few states that have declined to adopt the

Luce rule appear to be equally split between requiring an offer of proof, see

Wickham v. State, 770 P.2d 757 (Alaska Ct. App. 1989); Saucier v. State, 562

So.2d 1238 (Miss. 1990); State v. McClure, 692 P.2d 579 (Or. 1984); but see

Hickson v. State, 697 So.2d 391, 397 (Miss. 1997) (holding that proffer of

defendant's testimony was not required when it would have added nothing to

record that included testimony of defendant's alibi witnesses); and placing no

such restriction on the defendant's right to appellate review.  See Whitehead,

517 A.2d at 377; People v. Moore, 548 N.Y.S.2d 344 (N.Y. App. Div. 1989);

Commonwealth v. Richardson, 500 A.2d 1200 (Pa. Super. 1985).  As noted by

the New Jersey Supreme Court, there are significant problems associated with

requiring an offer of proof:


> Likewise, the requirement that a defendant outline his testimony through an offer of proof is beset with pitfalls.  Aside from the potential unconstitutionality of requiring a defendant to make an advance offer of proof, see United States v. Cook, supra, 608 F.2d at 190 (Kennedy, J., concurring in part & dissenting in part), the requirement is unmanageable.  As noted by the United States Supreme Court, a defendant's proffer of testimony is inappropriate because "his trial testimony could, for any number of reasons, differ from the proffer."  Luce v. United States, supra, 469 U.S. at 41 n. 5, 105 S.Ct. at 463 n. 5, 83 L.Ed.2d at 447 n. 5.  The nature and scope of the proffer, as well as the prosecutor's use of the

defendant's proffered testimony, if he testifies, for impeachment purposes at trial, raise thorny questions about the extent to which the state can cross-examine the defendant and use the defendant's testimony at trial. United States v. Toney, supra, 615 F.2d at 282. Moreover, requiring the defendant to make an offer of proof exposes him to the tactical disadvantage of prematurely disclosing his testimony. See United States v. Luce, supra, 713 F.2d at 1241 n. 4; United States v. Cook, supra, 608 F.2d at 1190 (Kennedy, J., concurring in part & dissenting in part).

Whitehead, 517 A.2d at 377.

Furthermore, the requirement of an offer of proof is inconsistent with Tenn. R. Evid. 609(a)(3). Rule 609(a)(3) requires the trial court to determine, prior to the testimony of the accused, whether a prior conviction's probative value on credibility outweighs its unfair prejudicial effect on the substantive issues. The trial court must perform this balancing without the benefit of knowing the defendant's proposed trial testimony. The rule then allows the accused to raise the issue on appeal without actually testifying at trial. There is no requirement in Rule 609(a)(3) that the defendant make an offer of proof.

We also find persuasive the distinction in Tenn. R. Evid. 103 between a ruling that admits evidence and one that excludes it. Rule 103 provides in pertinent part:

(a) Effect of Erroneous Ruling. -- Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

(1) Objection. -- In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection if the specific ground was not apparent from the context; or

(2) Offer of Proof. -- In case the ruling is one excluding evidence, the substance of the evidence and the specific evidentiary basis supporting admission were made known to the court by offer or were apparent from the context.

8

The issue here is the effect of an erroneous ruling on the admissibility of impeachment evidence. Under Rule 103(a)(1), no offer of proof is required.

The State's reliance on State v. Baxter, 938 S.W.2d 697 (Tenn. Crim. App. 1996), is misplaced. In that case, the trial court erroneously ruled that the defendant's prior incest conviction was admissible for impeachment purposes. The Court of Criminal Appeals noted that the non-testifying defendant did not make an offer of proof to preserve the issue for appeal. Id. at 703. The lack of an offer of proof, however, was just one reason for the court's finding of no prejudice. Id. Moreover, the holding with regard to the requirement of an offer of proof is not supported by the authority cited. See Tennessee Law of Evidence, § 609.9, at 377 ("If the accused does not testify, it may be wise to make an offer of proof so that the appellate court could have a record to use in assessing the impact of the trial court's ruling."); see also State v. Martin, 642 S.W.2d 720, 724 (Tenn. 1982) (a pre-Rule 609 case holding that it was error to deny defendant's request to make an offer of proof "because such proof may be relevant and necessary to a determination by the appellate court of whether the trial judge has abused his discretion in refusing to rule on prior convictions before defendant's election to take the stand").

In light of Tenn. R. Evid. 103(a)(1) and 609(a)(3) and the problems associated with requiring a defendant to outline his proposed trial testimony, we conclude that a defendant is not required to make an offer of proof. Our holding does not preclude a defendant from making a proffer of the substance of his contemplated testimony. Depending upon the facts and circumstances of a case, an offer of proof may be the only way to demonstrate prejudice. However, neither an offer of proof nor a showing that the defendant would have testified

but for the trial court's ruling is required in order to preserve for review a claim of an erroneous ruling on admissibility of a prior conviction for impeachment purposes.

III.

Finally, we must decide whether the error in this case affirmatively or more probably than not affected the judgment to the defendant's prejudice. See Tenn. R. Crim. P. 52(a); Tenn. R. App. P. 36(b). To resolve this issue, we must examine the theory of defense.

The defendant presented no evidence. During closing argument, defense counsel emphasized the lack of both physical evidence and identification evidence tying the defendant to the killing. Defense counsel argued that Mrs. Swartz was confused when she testified that the man who was with James Hathaway shot and stabbed her husband. Defense counsel also reminded the jury that the defendant had cooperated with police by giving a statement about what happened.

The defendant contends that the trial court's ruling on admissibility of the impeachment evidence effectively precluded him from taking the stand[3] and refuting the alleged confession in which he admitted his involvement in the robbery but denied having harmed either victim. The defendant's assertion that he would have refuted the confession, however, is not supported by the record. Although the defendant initially filed a motion to suppress claiming that the confession had been obtained illegally, he waived his right to have the motion

_____

[3]Because the defendant was free to testify despite the trial court's ruling, this case does not involve the deprivation of a fundamental constitutional right. See Luce, 105 S.Ct. at 464 (concluding that erroneous decision under Rule 609 does not reach constitutional dimension).

heard.[4] Regarding this waiver, the defendant stated on the record: "That's the statement that I gave. That's what I want. That's what I said." He also testified that he freely and voluntarily gave the statement to the police. The defendant has not specified and we are unable to determine how he intended to refute his confession. Under the facts and circumstances of this case, we hold that the trial court's erroneous ruling allowing impeachment by reference to an unnamed felony conviction was harmless.

## CONCLUSION

We hold that the trial court erred in ruling that the defendant's credibility could be impeached by asking whether he had been convicted of an unnamed felony. We decline to adopt a rule that requires a non-testifying defendant to state that he would have testified had the prior conviction been excluded and to make an offer of proof as to his proposed trial testimony in order to obtain appellate review. These requirements are inconsistent with Tenn. R. Evid. 609(a)(3). We hold that the record is adequate to permit meaningful review of the impeachment issue and that the error was harmless in this case. Accordingly, we affirm the decision of the Court of Criminal Appeals. It appearing that the defendant is indigent, costs of this appeal shall be taxed to the State.

_____
JANICE M. HOLDER, JUSTICE

---

[4] The defendant's decision not to challenge the admissibility of the confession was made eight months before the trial court ruled on the admissibility of prior convictions for impeachment purposes.

**CONCURRING:**

Anderson, C.J.
Drowota, Birch, and Barker, J.J.