IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
(HEARD AT SAVANNAH)

FILED

June 1, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

FOR PUBLICATION

Filed:  June 1, 1999

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE, | ) | SHELBY CRIMINAL |
| | ) | |
| v. | ) | Hon. James C. Beasley, Jr. |
| | ) | |
| RAY L. TAYLOR, | ) | No. 02S01-9809-CR-00089 |
| | ) | |
| APPELLANT. | ) | |

| FOR APPELLANT: | FOR APPELLEE: |
|---|---|
| MARK A. MESLER | PAUL G. SUMMERS |
| Memphis | Attorney General and Reporter |
| | |
| | MICHAEL E. MOORE |
| | Solicitor General |
| | |
| | MICHAEL J. FAHEY, II |
| | Assistant Attorney General |
| | Nashville |

# O P I N I O N

| COURT OF CRIMINAL APPEALS AFFIRMED | HOLDER, J. |
|---|---|

**OPINION**

We granted this appeal to decide whether a defendant's credibility may be impeached by reference to a prior conviction for a "felony involving dishonesty." We hold that the trial court erred in ruling that the State could impeach the defendant by asking him whether he had been convicted of any "felonies involving dishonesty." We hold, however, that the error was harmless.[1]

**BACKGROUND**

Pamela Mosley returned home from work on March 2, 1995, and discovered that her front door had been pried open and her bedroom had been ransacked. Various items were missing, including a large amount of jewelry, a coin collection, several handguns, and a blue duffel bag. Two of Mosley's neighbors saw the defendant, Ray L. Taylor, enter Mosley's house that morning. After approximately ten or fifteen minutes, the defendant left the house carrying a brown box and a blue duffel bag. He drove away in an older-model Cadillac. The neighbors provided the police with a description of the Cadillac and its license plate number. The defendant was driving an older-model Cadillac matching the description and tag number when he was arrested the following day. The missing items were valued at $7,000 and were never recovered.

The defendant had seven prior burglary convictions and one prior larceny conviction. The trial court initially ruled that these convictions were not admissible for impeachment purposes because, given their similarity to the offenses charged, the prejudicial effect of the prior convictions outweighed their

---

[1] Oral argument was heard in this case on April 15, 1999, in Savannah, Hardin County, Tennessee, as part of this Court's S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

probative value. See Tenn. R. Evid. 609(a)(3). After the prosecutor presented research on the issue, the trial court reconsidered its ruling and concluded that the State could impeach the defendant by referring to his prior convictions as "felonies involving dishonesty." The defendant chose not to testify and presented no evidence at trial. The jury convicted him of one count of aggravated burglary and one count of theft of property valued at between $1,000 and $10,000. The trial court sentenced him as a Range III persistent offender to concurrent sentences of twelve years. The Court of Criminal Appeals affirmed the judgment of the trial court.

## ANALYSIS

Pursuant to the procedures and conditions set forth in Tenn. R. Evid. 609(a), a defendant's credibility may be impeached by presenting "evidence" of a prior conviction. The rule does not delineate what facts about the prior conviction and the underlying crime may be introduced. Prior to January 1, 1990, the effective date of the Tennessee Rules of Evidence, the admissibility of a prior conviction for impeachment purposes was governed by this Court's ruling in State v. Morgan, 541 S.W.2d 385 (Tenn. 1976). In Morgan, this Court held that evidence of a defendant's prior conviction must be "limited to the fact of a former conviction and of what crime, with the object only of affecting the credibility of the witness, not prejudicing the minds of the jury as to the guilt of the defendant witness of the crime for which he is on trial." Id. at 389 (citation omitted). As the Advisory Commission Comments note, "Rule 609(a) takes Morgan at face value." Thus, "evidence" of a prior conviction admissible under Rule 609(a) is limited to the fact of a former conviction and the crime that was committed.

Recently, this Court held that limiting reference to a prior conviction as "a felony" without further identification is improper. State v. Galmore, ___ S.W.2d ___ (Tenn. 1999). In Galmore, the defendant's prior conviction for robbery was similar to the charged offenses. Noting that the trial court had attempted to minimize the prejudicial impact by allowing impeachment by reference to an unnamed felony conviction, the Court stated:

> Not identifying the felony, however, would permit a jury to speculate as to the nature of the prior conviction. State v. Barnard, 899 S.W.2d 617, 622 (Tenn. Crim. App. 1994). Furthermore, instructing the jury on an unnamed felony would provide inadequate information for a jury to properly weigh the conviction's probative value as impeaching evidence. Summerall, 926 S.W.2d at 277. We hold that the proper application of the balancing test under Tenn. R. Evid. 609(a)(3) requires identification of the prior conviction.

Id. at ___.

In the case now before us, we are presented with the issue of whether referring to a prior conviction as a "felony involving dishonesty" is sufficient identification for purposes of Tenn. R. Evid. 609(a)(3). The rule does not provide for impeachment by use of this reference. Rule 609 is based on the premise that the trier of fact needs to be informed about prior convictions in order to evaluate a witness' credibility. The degree to which the impeaching conviction is probative of untruthfulness can vary with the nature of the offense, even with felonies involving dishonesty. Furthermore, most jurors have no distinct sense of the range of offenses connoted by the term "felonies involving dishonesty." Identifying the nature of the prior conviction avoids confusion and speculation on the part of the jury and permits the jury to properly evaluate the conviction's probative value on the issue of credibility. We therefore hold that the offense must be identified to the finder of fact when a prior conviction is used for

4

impeachment purposes pursuant to Rule 609(a)(3). Accordingly, the trial court erred in allowing the State to impeach the defendant by asking whether he had been convicted of any "felonies involving dishonesty."

The defendant is not entitled to relief, however, unless the error affirmatively or more probably than not affected the judgment to the defendant's prejudice. Tenn. R. Crim. P. 52(a); Tenn. R. App. P. 36(b); Galmore, ___ S.W.2d at ___. There is nothing in the record and the defendant presents no argument concerning the substance of his contemplated testimony. The defendant has articulated no theory of defense for which his testimony was critical. Cf. State v. Mixon, 983 S.W.2d 661, 675 (Tenn. 1999) (holding that improper use of impeaching conviction constituted reversible error in sex crimes case which was reduced to swearing contest between defendant and victim, his thirteen-year-old daughter). The defendant did not make an offer of proof as to his proposed testimony. See Galmore, ___ S.W.2d at ___ (holding that an offer of proof is not required in order to preserve the issue for review but that it may be the only way to demonstrate prejudice). In sum, the defendant has failed to demonstrate how he was prejudiced by the trial court's erroneous ruling which would have allowed impeachment by reference to "felonies involving dishonesty." We hold, therefore, that the error was harmless.

## CONCLUSION

The trial court erred in ruling that the State could impeach the defendant by asking whether he had been convicted of any "felonies involving dishonesty." Under the facts and circumstances of this case, the error was harmless. Accordingly, the judgment of the Court of Criminal Appeals is affirmed. It

5

appearing that the defendant is indigent, costs of this appeal shall be taxed to the State.

_____
JANICE M. HOLDER, JUSTICE


**Concurring:**

Anderson, C.J.
Drowota, Birch, and Barker, J.J.