## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

SEPTEMBER SESSION, 1999

FILED

October 25, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | |
| | * | No. 02C01-9901-CR-00006 |
| Appellee, | * | |
| | * | SHELBY COUNTY |
| vs. | * | |
| | * | Hon. Bernie Weinman, Judge |
| RICHARD WALKER, | * | |
| | * | (Vehicular Assault, 2 counts) |
| Appellant. | * | |

For the Appellant:

**Leslie I. Ballin** and
**Mark A. Mesler**
Ballin, Ballin & Fishman, P.C.
200 Jefferson Avenue, Suite 1250
Memphis, TN 38103

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**R. Stephen Jobe**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**William L. Gibbons**
District Attorney General

**Ms. Rosemary Andrews**
Asst. District Attorney General
201 Poplar Avenue - Third Floor
Memphis, TN 38103

OPINION FILED: _____

AFFIRMED

**David G. Hayes,** Judge

**OPINION**

The appellant, Richard Walker, appeals the sentence imposed by the Shelby County Criminal Court following the entry of guilty pleas to two counts of vehicular assault. Pursuant to the negotiated plea, the appellant received concurrent two year sentences on each count. The manner of service was submitted to the trial court for determination. Following a sentencing hearing, the trial court suspended all but one hundred and twenty days of the appellant's sentences. Additionally, the appellant was placed on probation for a period of four years and was ordered to perform one hundred hours of community service during this period. In this appeal, the appellant contends that the trial court improperly denied his request for total probation.

After review of the record, we affirm the sentence imposed by the trial court.

**Background**

The appellant's guilty pleas stem from events occurring on the evening of August 24, 1997. On this date, the appellant explained that

> I'd originally been at a cookout, then we left there and went to Shooters. From there, one of the guys that I was with -- I was with two other friends. One was driving my truck at that time. One of the guys stayed there, and me and my other friend went to Neon Moon. From there, my buddy left; and I drove back to Shooters to pick up my other buddy.

On the return trip to Shooters, the appellant, failed to yield while making a left turn onto Raleigh-LaGrange Road. While executing the turn, the appellant's vehicle collided with the vehicle driven by William Stricker. The appellant, William Stricker, and Stricker's passenger, Jessica McKinney, were transported to medical facilities for treatment.[1]

---

[1] The record indicates that the appellant was treated at Methodist North while Jessica McKinney was transported to The Med. The record does not indicate which facility treated William Stricker.

2

At the hospital, a law enforcement officer, who had responded to the incident, observed that the appellant had "a strong smell of intoxicant on his breath and blood shot eyes." In response to questioning by law enforcement officers, the appellant denied driving the vehicle. A blood sample was then drawn from the appellant's person and submitted for a blood alcohol analysis. The test revealed that the appellant had a blood alcohol content of .18 percent. Subsequently, the appellant admitted his responsibility for the incident. He also conceded that he had consumed six to seven beers on the evening of the offense.

As a result of the collision, William Stricker, protected somewhat by an airbag, suffered a broken leg, fractured in seven to eight places. Jessica McKinney, the passenger in the Stricker vehicle, testified that, as a result of the impact, she remained unconscious for three days. She also described the extent of her injuries as including a dislocated hip, broken cheekbone, bitten through bottom lip, two broken teeth, cut spleen and liver, and a severely lacerated hand and knee. She remained in the hospital for one week and remained in physical therapy for three months. Ms. McKinney explained that she "may still have to have [her] hip replaced. There is no feeling in my finger or my lip, and I have to have my hip checked regularly." Although the appellant also sustained injuries, he fared better than his victims, sustaining a broken wrist, bruised ribs, a broken nose and a cut above his eyes.

At the time the presentence report was prepared, the appellant was a single twenty-six year old high school graduate. During the period between August 1990 through May 1993, he was enrolled in college courses at Shelby State Community College. The appellant reported that he has never used illegal drugs and describes himself as a "very light drinker," who will no longer drink and drive. He has no prior record of criminal convictions. Present and previous employers commented that the appellant was a dependable, appreciated, and valuable employee. Regarding the current offense, the appellant repeatedly admitted his responsibility for the incident

3

and his remorse for the injuries sustained by the victims resulting from his actions. In response to questioning by the trial court, the appellant admitted that, on the evening of the offenses, he understood that he was intoxicated and that the decision to drive "was a very bad judgment call on myself."

At the conclusion of the proof, the trial court considered the appellant's remorse for his actions, his remorse over the injuries sustained by the victims, and his "good employment history." Notwithstanding these favorable factors, the court noted that some jail time was appropriate due to the circumstances of these offenses. Accordingly, the trial court ordered that the appellant serve one hundred and twenty days in confinement, followed by a four year period of probation.

**Analysis**

Although the trial court did grant the appellant the sentencing alternative of split confinement, the appellant contends that the trial court erred by not imposing a sentence of total probation. When a challenge is made to the manner of service of a sentence, it is the duty of this court to conduct a *de novo* review with a presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d)(1997). Moreover, the appellant bears the burden of showing that the sentence imposed by the trial court is improper. See Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401(d).

Because the appellant was convicted as a standard offender of class D felonies, he is statutorily eligible for probation. See Tenn. Code Ann. §40-35-303(a)( 1997). However, the fact that the appellant is eligible for probation does not mean that probation should automatically be granted. While the burden is upon the State to show a defendant's non-entitlement to the statutory presumption of an alternative sentence, the defendant has the burden of establishing suitability for full

4

probation. <u>See</u> Tenn. Code Ann. § 40-35-303(b). <u>See also</u> <u>State v. Bingham</u>, 910 S.W.2d 448, 456 (Tenn. Crim. App.), <u>perm. to appeal denied</u>, (Tenn. 1995) (citation omitted). To meet this burden, the appellant must demonstrate that probation will "subserve the ends of justice and the best interest of both the public and the defendant." <u>Bingham</u>, 910 S.W.2d at 456 (citation omitted).

In determining a defendant's suitability for probation, the sentencing court should consider (1) the nature and circumstances of the conduct involved, Tenn. Code Ann. § 40-35-210(b)(4) (1998 Supp.); (2) the defendant's potential or lack of potential for rehabilitation, Tenn. Code Ann. § 40-35-103(5)(1997); (3) whether a sentence of probation will unduly depreciate the seriousness of the offense, Tenn. Code Ann. § 40-35-103(1)(B); and (4) whether a sentence other than probation would provide an effective deterrent to others likely to commit similar crimes, Tenn. Code Ann. § 40-35-103(1)(B). <u>See</u> <u>Bingham</u>, 910 S.W.2d at 456.

In the present case, the trial court denied the appellant total probation based solely on the need to avoid depreciating the seriousness of the offense. Despite the appellant's subsequent admission and expressed remorse, he initially denied responsibility for his actions. The record also reflects that the injuries inflicted upon Jessica McKinney are of particular concern as several injuries sustained by Ms. McKinney have resulted in permanent impairment. <u>See, e.g.</u>, <u>State v. Kyte</u>, 874 S.W.2d 631, 633 (Tenn. Crim. App. 1993); <u>State v. Mitchell Glenn Sanders</u>, No. 01C01-9403-CC-00114 (Tenn. Crim. App. at Nashville, Dec. 22, 1994), <u>perm. to appeal denied</u>, (Tenn. Mar. 27, 1995). Finally, the appellant chose to put himself behind the wheel of his vehicle after several hours of drinking alcohol and bar-hopping that evening, thus, exposing potential passengers and other motorists to the dangers of drunk driving. <u>See, e.g.</u>, <u>Bingham</u>, 910 S.W.2d at 456; <u>State v. Butler</u>, 880 S.W.2d 395, 401 (Tenn. Crim. App. 1994); <u>State v. Eric W. Friedl</u>, No. 02C01-9509-CR-00255 (Tenn. Crim. App. at Jackson, Sept. 11, 1996). Although the circumstances of this offense are not egregious enough by themselves to

overcome the presumption of alternative sentencing, we conclude that the appellant's conduct was of such an excessive degree as to support a denial of total probation.  See  Bingham, 910 S.W.2d at 456 (citing State v. Fletcher, 805 S.W.2d 785, 788-89 (Tenn. Crim. App. 1991)).

Accordingly, upon *de novo* review and in accord with a presumption of correctness, we are unable to conclude that the trial court erred in determining that the appellant had not met his burden of establishing suitability for total probation. The judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:


_____
JOE G. RILEY, Judge


_____
THOMAS T. WOODALL, Judge