# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## DECEMBER 1999 SESSION

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **NO. 01C01-9812-CR-00490** |
| Appellee, | ) | M1998-00073-CCA-R3-CD |
| | ) | **DAVIDSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. SETH NORMAN,** |
| **DEE W. THOMPSON,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Aggravated Rape - 3 cts.) |

**FILED**

March 17, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

## OPINION CONCURRING IN PART AND DISSENTING IN PART

I concur in most respects with the excellent opinion by my colleague; however, I would conclude the defendant has failed to establish prejudice regarding the admissibility of prior convictions.

Specifically, the defendant has failed to show that any error more probably than not affected the judgment to his prejudice. *See* Tenn. R. Crim. P. 52(a); Tenn. R. App. P. 36(b). Just as in State v. Taylor, "[t]here is nothing in the record and the defendant presents no argument concerning the substance of his contemplated testimony." 993 S.W.2d 33, 35 (Tenn. 1999). Although an offer of proof is not required in order to preserve the issue for review, it may be the only way to demonstrate prejudice. State v. Galmore, 994 S.W.2d 120, 122 (Tenn. 1999). The majority concludes that a proffer from the defendant would be a mere "formality." I am unwilling to make this leap. There are no pre-trial statements of the defendant or any other jury-out statements of defendant which would indicate his contemplated testimony. The fact that the "defense theory" was to attack the victim's credibility does not necessarily indicate what the defendant's testimony would be. Accordingly, the defendant has failed to demonstrate prejudice.

There is harmless error for another reason. However, it is somewhat difficult to analyze this harmless error issue as we must perform mental gymnastics. We must first assume that defendant would testify if the trial court properly ruled on the admissibility of prior convictions. *See* Galmore, 994 S.W.2d at 123. The majority concludes that the escape and voluntary manslaughter convictions would be admissible. The majority then concludes admissibility of the first degree murder and aggravated assault convictions would be improper. In summary, we must assume the defendant testifies in an exculpatory manner; the prior escape and voluntary manslaughter convictions are properly admitted for impeachment purposes; and the murder and aggravated assault convictions are improperly admitted for impeachment purposes. Based upon these assumptions, the majority concludes the admissibility of the murder and aggravated assault convictions creates reversible error. Based upon these same assumptions, I would conclude that once the voluntary manslaughter and escape convictions were admitted, the result woiuld be the same regardless of whether the murder and aggravated assault convictions were also admitted. Thus, any error would be harmless.

I am not inclined to reverse these convictions based upon speculation as to what the defendant's testimony would be. I am certainly not prepared to speculate that the defendant would admit committing these crimes. Nor am I prepared to speculate to what extent the defendant's testimony would be exculpatory. I am, quite simply, not prepared to speculate.

For these reasons, I respectfully disagree with the finding of reversible error.

_____
**JOE G. RILEY, JUDGE**

2