IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 12, 2001

**BRIAN ROBERSON v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Williamson County**
**No. 500-172     Donald P. Harris, Judge**

_____

**No. M2001-00459-CCA-R3-PC - Filed April 30, 2002**

_____

The petitioner appeals the trial court's denial of his petition for post-conviction relief. He claims that he received ineffective assistance of counsel. After review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOE G. RILEY and JAMES CURWOOD WITT, JR., JJ., joined.

Georgia Ann Blythe Felner, Franklin, Tennessee, for the appellant, Brian Roberson.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Derek K. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner, Brian Roberson, was indicted in four counts for sale of .5 grams or more of a Schedule II controlled substance and in another four counts for delivery of .5 grams or more of a Schedule II controlled substance, for a total of eight counts. He pled guilty to three counts, four counts were dismissed, and he was tried by a jury and convicted of the remaining count, sale of .5 or more grams of cocaine, a Schedule II controlled substance. The petitioner was sentenced to nine (9) years and ordered to pay a $2,000.00 fine. He appealed, and his conviction was affirmed by this Court. State v. Brian Roberson, No. 01C01-9801-CC-00043, 1998 Tenn. Crim. App. LEXIS 1300 (Tenn. Crim. App. at Nashville, Dec. 21, 1998). The petitioner then filed for post-conviction relief, which was denied by the trial court. The petitioner now appeals from the trial court's denial of post-conviction relief, arguing that he received ineffective assistance of counsel at trial.

# FACTS

## A. Background

The petitioner's conviction was based on a drug transaction with a confidential informant. Chris Clausi, an officer with the Franklin Police Department, testified at trial that he and Officer John Brown fit a "wire" on Carl Hayes, a private citizen who agreed to serve as an undercover operative to buy drugs, and then dropped Mr. Hayes off at a street location in Franklin.

Mr. Hayes testified that he saw the defendant driving by in a car and "flagged him down." After Hayes got into the car, the petitioner asked him if he was "wired up," but Hayes denied that he was wearing a wire. However, the petitioner also spotted the car in which Officer Clausi was sitting and expressed his fear that the police might be observing Hayes and himself. Despite the petitioner's reservations about selling drugs to Hayes, Hayes testified that the petitioner sold him several rocks of crack cocaine. After the sale, Hayes met with Officers Clausi and Brown. Hayes testified on direct examination that at the time of his testimony, he was incarcerated in the Williamson County jail and that the incarceration related back to a 1995 conviction for selling cocaine. During cross-examination, Hayes was questioned about his prior drug use, prior criminal behavior, potential bias or motive for his testimony, and his failure to pay child support.

The audiotape of the radio-transmitted conversation between the petitioner and Hayes was introduced at trial through the testimony of Officer Clausi. However, the tape was garbled and difficult to understand. Therefore, Clausi essentially translated the tape, explaining that the contemporaneous transmission which he had heard from his car was easier to understand than the version recorded on the tape. He intermittently played portions of the tape and interpreted it. In addition, Clausi testified that he positively identified the petitioner as the person who was driving the vehicle with Hayes in it.

After the State rested, the trial court heard arguments concerning the State's proposed use of the petitioner's prior drug conviction as impeachment evidence had the petitioner testified. The court ruled that the probative value of the prior conviction outweighed any unfair prejudice and that the State would be allowed to impeach the petitioner with this conviction. The petitioner offered no proof and did not testify.

## B. Post-Conviction Petition Hearing

At the evidentiary hearing on the petitioner's post-conviction petition, the petitioner testified that he did not sell drugs to the informant and that if his counsel had hired an expert to "clean-up" the audiotape, it would have exonerated him. The petitioner testified that he told his counsel that he did not sell drugs to the informant because he knew the informant was wearing a wire, and he would never sell drugs to a person wearing a wire. He testified generally that his

counsel should have hired a private investigator to interview the informant or others who knew the informant in order to investigate the petitioner's version of the events. The petitioner also testified that his counsel should have interviewed Seleca McLemore, a co-defendant whose charges were dismissed prior to the petitioner's trial. According to the petitioner, Ms. McLemore's testimony would have proved his innocence. Finally, the petitioner argued that his counsel should have made an offer of proof at the jury-out hearing on the use of the petitioner's prior convictions for impeachment purposes. He also asserts that his counsel failed to *voir dire* him about his decision not to testify as required by State v. Momon, 18 S.W.3d 152 (Tenn. 2000). However, he admits that he made the decision not to testify based on his attorney's advice regarding the State's use of prior conviction to impeach him.

Petitioner's trial counsel, Trippe Fried, testified that he had recently graduated from law school and that this was his first jury trial. However, he also indicated that the petitioner was not very cooperative and that he did most of the investigation on his own. According to Fried, he visited the area where the drug transaction allegedly took place and took photographs. He prepared a diagram of the area and spoke with the detective handling the case. Fried admitted that the audiotape was poor quality and that he did not file an ex parte motion for funds to hire an expert to improve the quality of the tape. Fried also indicated that he spoke with Ms. McLemore's attorney about the possibility of her testifying and determined that her testimony would not have been helpful to the petitioner. He admitted that he never spoke with Ms. McLemore personally. With regard to the petitioner testifying at trial, Fried stated that he requested a hearing regarding the admissibility of the defendant's prior drug conviction and argued that the conviction was too close in time to the instant charges and should not be admitted. However, the trial court denied his motion. Thereafter, Fried informed the petitioner that he had a right to testify but advised him not to exercise that right. Fried testified that the advice was based upon the State's impeachment evidence and his opinion that the petitioner would not have been a "particularly good" witness.

## ANALYSIS

In a post-conviction proceeding, the petitioner has the burden of proving factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40- 30-210(f). The findings of fact made by the trial court are conclusive on appeal unless the petitioner is able to establish that the evidence preponderates against those findings. Clenny v. State, 576 S.W.2d 12 (Tenn. Crim. App. 1978); Graves v. State, 512 S.W.2d 603 (Tenn. Crim. App. 1973). However, we review the trial court's mixed questions of law and fact -- such as whether counsel's performance was deficient or whether that deficiency was prejudicial -- under a purely de novo standard. Hellard v. State, 629 S.W.2d 4, 6-7 (Tenn. 1982).

In order to succeed on a claim of ineffective assistance of counsel, a post-conviction petitioner must prove both prongs of a two prong test: (1) that counsel's performance was deficient, and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair.

Strickland v. Washington, 466 U.S. 668, 693, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Should the petitioner fail to establish either factor, he is not entitled to relief. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069. With regard to the deficiency prong, our supreme court has held that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The petitioner alleges that his trial counsel was ineffective for several reasons. First, he alleges that his trial counsel was ineffective for failing to file a motion requesting funds to hire an expert to "clean-up" the garbled audiotape. Specifically, he alleges that if his counsel had hired an expert to "clean-up" the audiotape, it would have exonerated him. Even if we were to assume that the petitioner's attorney was deficient for failing to file such a motion, the petitioner has failed to prove that he was prejudiced by any deficiency. The petitioner did not submit an audible version of the tape to demonstrate that the conversation differed from that testified to by both the informant and Officer Clausi. Because the petitioner submitted no proof at the post-conviction hearing to establish by clear and convincing evidence that he was prejudiced by his counsel's failure to obtain expert funds to improve the quality of the audiotape, he is not entitled to relief on this issue.

Next, the petitioner asserts that his trial counsel was deficient for failing to interview the informant, Hayes, or others who knew his reputation in the community. Hayes testified at trial that the petitioner sold him crack cocaine. The record reveals that trial counsel impeached Hayes with his prior convictions, drug use, and possible bias or motive for testifying against the petitioner, and there is nothing in the record to indicate that an interview with Hayes prior to trial would have revealed other information beneficial to the petitioner. It is well-settled that "when a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). The petitioner did not present testimony from acquaintances of Hayes to establish what information, if any, trial counsel could have obtained. Therefore, the petitioner has failed to show how he was prejudiced by the alleged deficiency.

The petitioner also asserts that his trial attorney rendered ineffective assistance of counsel because he failed to interview a potential witness, Ms. McLemore, personally, rather than relying on information from her attorney. First, we note that Ms. McLemore was a co-defendant whose charges were dismissed prior to the petitioner's trial, and it is likely that her attorney would have advised her to exercise her Fifth Amendment right not to testify. Furthermore, the petitioner has failed once again to show how he was prejudiced by his trial counsel's failure to interview her or

-4-

how her testimony would have benefitted him had she testified. Although the petitioner claims that her testimony would have proven his innocence, he did not call Ms. McLemore to testify at the evidentiary hearing as to what she would have testified to if she had been called to testify at the petitioner's trial. See Black, 794 S.W.2d at 757 (holding that neither a post-conviction court nor an appellate court may speculate as to what a witness's testimony might have been if introduced by defense counsel). Therefore, he has failed to show by clear and convincing evidence that he was prejudiced by his counsel's alleged deficiency in not speaking with Ms. McLemore. In sum, because the petitioner has failed to prove by clear and convincing evidence that he suffered prejudice from any of the three deficiencies alleged above, he is not entitled to relief on those issues in this appeal.

The petitioner's next claim concerns his decision not to testify. He first alleges that his trial counsel was deficient for failing to *voir dire* him on the record concerning his decision not to testify. We acknowledge that the Tennessee Supreme Court has held that a trial attorney should, on the record, inquire of the defendant whether the defendant has made a knowing, voluntary, and intelligent waiver of the right to testify in every trial where the defendant does not testify. Momon v. State, 18 S.W.3d 152, 162 (Tenn. 1999). However, the defendant's trial was held two years prior to our supreme court's holding in Momon, and the court in Momon expressly held that procedures set forth "do not establish a new constitutional rule which must be retroactively applied," specifying that the procedure should be applied "in all cases tried or retried after the date of this decision." Id. at 162-63. Furthermore, the petitioner testified at the evidentiary hearing on his post-conviction petition that his trial counsel advised him that it was his decision whether or not to testify, and that he chose not to testify because his counsel advised him that the State would likely use his prior drug conviction to impeach him. In sum, trial counsel was not deficient for failing to follow a procedural requirement that had not yet been created by our supreme court, nor was the petitioner prejudiced by trial counsel's failure to *voir dire* him about his decision not to testify, because he admittedly understood that it was his decision and decided not to testify.

The petitioner also alleges that his trial counsel was deficient for failing to make an offer of proof at the jury-out hearing on the admissibility of his prior drug conviction in order to preserve his testimony for an appeal attacking the trial court's ruling on that issue. However, our supreme court has expressly held that

> [i]n light of Tenn. R. Evid. 103(a)(1) and 609(a)(3) and the problems associated with requiring a defendant to outline his proposed trial testimony, we conclude that a defendant is not required to make an offer of proof. Our holding does not preclude a defendant from making a proffer of the substance of his contemplated testimony. Depending upon the facts and circumstances of a case, an offer of proof may be the only way to demonstrate prejudice. However, neither an offer of proof nor a showing that the defendant would have testified but for the trial court's ruling is required in order to preserve for review a claim of

an erroneous ruling on admissibility of a prior conviction for impeachment purposes.

State v. Galmore, 994 S.W.2d 120, 124-25 (Tenn. 1999). Furthermore, on direct appeal, this Court affirmed the trial court's admission of the petitioner's prior conviction based upon the high probative value and not because of the defendant's failure to show prejudice through an offer of proof. State v. Roberson, No. 01C01-9801-CC-00043, 1998 Tenn. Crim. App. LEXIS 1300 at *15-23 (Tenn. Crim. App. at Nashville, Dec. 21, 1998). Specifically, we found that petitioner's "prior convictions for selling cocaine were highly probative because (1) they involved dishonesty and (2) his credibility, had he testified, would have been an important issue in the case." Id. at *22. Therefore, trial counsel was not deficient for failing to make an offer of proof as alleged by the petitioner.

## CONCLUSION

Based upon the foregoing and the record as a whole, we affirm the trial court's denial of the petitioner's post-conviction petition.

_____
JOHN EVERETT WILLIAMS, JUDGE

-6-