# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 12, 2005

## STATE OF TENNESSEE v. ALLEN D. BALDWIN

**Direct Appeal from the Criminal Court for Shelby County**
**No. 01-13330     J.C. McLin, Judge**

---

**No. W2004-02715-CCA-R3-CD  - Filed September 1, 2005**

---

A Shelby County Criminal Court jury convicted the appellant, Allen D. Baldwin, of aggravated robbery, a Class B felony, and robbery, a Class C felony.  The trial court merged the robbery conviction into the aggravated robbery conviction and sentenced the appellant to ten years in the Department of Correction.  On appeal, the appellant claims that the trial court erred by ruling that the State could impeach him with his prior convictions for robbery and theft if he chose to testify. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Garland Erguden (on appeal) and Donna Armstard (at trial), Memphis, Tennessee, for the appellant, Allen D. Baldwin.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; William L. Gibbons, District Attorney General; and Stephanie Johnson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

This case relates to the appellant's robbing Nicole Stokes on May 22, 2001.  On May 22, Ms. Stokes walked to the Little Red Market at the corner of Decatur and Merriwether Streets in Memphis.  She had walked to the store in order to get change for a one-hundred-dollar bill. However, the store clerk was busy and would not give Ms. Stokes change.  Ms. Stokes walked outside and bought two "nickel bags" of marijuana from a drug dealer in order to get change.  The drug dealer gave Ms. Stokes the marijuana and ninety dollars.  While Ms. Stokes was standing outside the store with the ninety dollars in her hand, the appellant jumped out from behind a bush,

put a small, silver handgun to Ms. Stokes' head, and demanded the money and her purse. Ms. Stokes gave them to the appellant, and he ran away. At trial, Ms. Stokes testified that in addition to the ninety dollars she was holding, she had another one-hundred-dollar bill in her purse.

Ms. Stokes telephoned the police. When they arrived at the Little Red Market, the officers learned that the appellant lived in the Dixie Homes apartment complex with his sister, Dorothy Gwynn. The officers went to Ms. Gwynn's apartment and found the appellant sitting on the couch. They searched the appellant and found one hundred seventy-five dollars, including a one-hundred-dollar bill, in his pocket. The officers also found a small, silver handgun under a couch cushion. The officers transported the appellant to the police department, where he gave a statement. In the statement, the appellant admitted to robbing Ms. Stokes. However, he said that he did not use a weapon during the robbery. The jury convicted him of aggravated robbery and robbery, and the trial court merged the convictions.

## II. Analysis

The appellant claims that the trial court erred by ruling that the State could impeach him with his prior convictions for robbery and theft if he chose to testify. He contends that the trial court should have ruled that the prior convictions were inadmissible because they were similar to the crimes in question. The State argues that the trial court did not abuse its discretion by ruling that the State could impeach the appellant with his prior convictions. We agree with the State.

The record reflects that before trial, the State notified the appellant of its intent to impeach him with his 1994 convictions for robbery and theft of property valued more than five hundred dollars if he chose to testify. The defense objected, arguing that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. The trial court ruled that the appellant's credibility was a "central issue" in the case and that the crimes were admissible as crimes of dishonesty. Based upon the trial court's ruling, the appellant chose not to testify. However, in an offer of proof, he stated that he did not rob the victim.

Rule 609(a) of the Tennessee Rules of Evidence provides that a witness may be impeached by evidence of a prior conviction. However, the prior conviction must be a felony conviction or a conviction of an offense involving dishonesty or a false statement. Tenn. R. Evid. 609(a)(2). Moreover, if the witness to be impeached is the accused in a criminal prosecution, the State must provide "reasonable written notice of the impeaching conviction before trial," and, upon request, the court must determine that the prior conviction's "probative value on credibility outweighs its unfair prejudicial effect on the substantive issues." Tenn. R. Evid. 609(a)(3). Our supreme court has noted that two criteria are "especially relevant" in balancing a prior conviction's probative value and unfair prejudicial effect. State v. Mixon, 983 S.W.2d 661, 674 (Tenn. 1999). First, a trial court should "analyze the relevance the impeaching conviction has to the issue of credibility." Id. Second, the trial court should "'assess the similarity between the crime on trial and the crime underlying the impeaching conviction.'" Id. (citation omitted); see also State v. Galmore, 994 S.W.2d 120, 122 (Tenn. 1999); State v. Farmer, 841 S.W.2d 837, 839 (Tenn. Crim. App. 1992). A trial court's ruling

under Rule 609 will not be reversed on appeal absent an abuse of discretion. <u>Mixon</u>, 983 S.W.2d at 675.

The appellant claims that the trial court should have ruled that his prior convictions were inadmissible for impeachment purposes because they were similar to the crimes in question. However, "[t]he mere fact a prior conviction of the accused is identical or similar in nature to the offense for which the accused is being tried does not, as a matter of law, bar the use of the conviction to impeach the accused as a witness." <u>State v. Baker</u>, 956 S.W.2d 8, 15 (Tenn. Crim. App. 1997). In the instant case, the trial court determined that credibility was a key issue because "the defendant was saying he didn't [commit the crimes] and the victim was saying he did." Although the trial court did not explicitly state that the convictions' probative value on credibility outweighed their unfair prejudicial effect, the trial court's ruling contains an implied finding that the appellant's prior convictions of aggravated robbery and theft were highly relevant as to his credibility. We agree. Robbery and theft offenses are crimes of dishonesty. <u>See</u> <u>Galmore</u>, 994 S.W.2d at 122 (providing that robbery is a crime of dishonesty); <u>Baker</u>, 956 S.W.2d at 15 (providing that theft is a crime of dishonesty). Therefore, they are highly probative as to credibility. <u>State v. Tune</u>, 872 S.W.2d 922, 927 (Tenn. Crim. App. 1993). Although the prior convictions are similar to the crimes in question, we conclude that the trial court did not abuse its discretion by ruling that the prior convictions would be admissible if the appellant chose to testify.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE