IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 15, 2011

**STATE OF TENNESSEE v. JAMES TILSON**

**Appeal from the Criminal Court for Knox County**
**No. 91342      Bob R. McGee, Judge**

**No. E2011-00820-CCA-R3-CD - Filed January 18, 2012**

The defendant, James Tilson, appeals from his Knox County Criminal Court jury conviction
of possession with intent to sell or deliver not less than one-half ounce of marijuana, claiming
that the evidence was insufficient to support his conviction and that the trial court erred by
denying his request for jury instructions on a lesser-included offense.  Discerning no error,
we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which D. KELLY
THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

John Halstead, Assistant District Public Defender, for the appellant, James Tilson.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney
General; Randall E. Nichols, District Attorney General; and Debbie Malone and Leon
Franks, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

On May 29, 2008, Knoxville Police Department Sergeant Chris McCarter
searched the defendant's residence and discovered "a plastic tube" that contained a large bag
of marijuana with several smaller bags of marijuana inside it, a set of digital scales, a set of
postal scales, two packs of rolling papers, several partially-smoked marijuana cigarettes, and
another small bag of marijuana.  All the items were found in the defendant's bedroom.
Sergeant McCarter said that based upon the smaller bags of marijuana within the larger bag,
the large amount of marijuana, and the two sets of scales, he concluded that the defendant
possessed the marijuana for resale.  He said that the smaller bags contained within the larger

plastic bag were of the "typical size" purchased for personal use.

The defendant later provided a statement admitting possession of the marijuana but denying that he possessed the drugs with intent to sell or deliver them. Instead, the defendant claimed that he was sharing the marijuana with his "tenants." Sergeant McCarter said that the defendant's statement "didn't make any sense" given the presence of "all these plastic baggies and a set of digital scales and a set of postal scales."

Sergeant McCarter sent the substance he believed to be marijuana to the Tennessee Bureau of Investigation ("TBI") for testing. TBI Special Agent Forensic Scientist Denise Morrisy testified that her testing established that the substance was 26.8 grams, or nearly an ounce, of marijuana. She said that she emptied the substance from the bags and weighed it absent the packing material.

During cross-examination, Agent Morrisy said that the marijuana had "a little more than usual of the stems and seeds," so she made note of it in her report. She said that she did not quantify the part of the marijuana comprised of stems and seeds and simply noted that "usually there's a handful of [seeds], but this was just a little bit more." She said that she did not test the seeds to determine whether they were capable of germination. She said that the bag contained "quite a bit of leaf" and "crushed plant material."

Based upon this evidence, the jury convicted the defendant as charged. The trial court merged the convictions of possession with intent to sell and possession with intent to deliver into a single conviction and imposed a sentence of six years' incarceration as a career offender.

In this appeal, the defendant contends that the evidence was insufficient to support his conviction and that the trial court erred by denying his request for an instruction on casual exchange as a lesser-included offense of possession with intent to sell or deliver. We consider each claim in turn.

*Sufficiency*

The defendant claims that the State failed to establish beyond a reasonable doubt that he possessed not less than one-half ounce of marijuana or that he possessed the marijuana with the intent to sell or deliver it. The State contends that the evidence was sufficient to support the conviction.

We review the defendant's claim mindful that our standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any

-2-

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *State v. Winters*, 137 S.W.3d 641, 654 (Tenn. Crim. App. 2003). "[D]irect and circumstantial evidence should be treated the same when weighing the sufficiency of such evidence." *State v. Dorantes*, 331 S.W.3d 370, 381 (Tenn. 2011).

When examining the sufficiency of the evidence, this court should neither re-weigh the evidence nor substitute its inferences for those drawn by the trier of fact. *Winters*, 137 S.W.3d at 655. Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Significantly, this court must afford the State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *Id.*

Citing Tennessee Code Annotated section 39-17-402(16), the defendant argues that the stems and seeds contained in the bag should not have been included in the weight of the marijuana. Code section 39-17-402(16) provides:

> "Marijuana" means all parts of the plant cannabis, whether growing or not; the seeds of the plant; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin. "Marijuana" does not include the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks, except the resin extracted from the mature stalks, fiber, oil, or cake, or the sterilized seeds of the plant which are incapable of germination.

T.C.A. § 39-17-402(16) (2006). Code section 39-17-417 makes it unlawful for a person to "possess a controlled substance with intent to manufacture, deliver or sell the controlled substance" and makes a violation of that section with respect to one-half ounce or more of "a Schedule VI controlled substance classified as marijuana" a Class E felony. *Id.* § 39-17-417(a)(4); (g)(1).

Here, Special Agent Morrisy testified that the marijuana seized from the defendant contained "a little more than usual of the stems and seeds," but she refused to quantify what part of the marijuana was comprised of stems and seeds versus leafy material,

specifically noting that there was "quite a bit" of leafy material in the bags. Code section 39-17-402(16) does not exclude from the definition of marijuana stems, only the "mature stalk" of the plant. Clearly, the tiny sticks and stems included with the marijuana does not fall under the definition of "mature stalk." Furthermore, marijuana seeds are excluded from the definition of marijuana only if they are "incapable of germination." The defendant made no argument that the seeds contained in the marijuana in this case were incapable of germination, only that the State had failed to prove that they were capable of germination. Most importantly, however, the jury, which was properly instructed on the definition of marijuana, examined the marijuana first hand, heard the testimony of Special Agent Morrisy and the arguments of counsel, and concluded that the material was more than one-half ounce of marijuana. *See State v. Walker*, 29 S.W.3d 885, 893 (Tenn. Crim. App. 1999) (citing *State v. Hilliard*, 906 S.W.2d 466, 470 (Tenn. Crim. App. 1995)). The evidence adduced at trial supports this conclusion.

Additionally, the evidence sufficiently established that the defendant possessed the marijuana with the intent to sell or deliver it rather than for his own personal use. The large amount of drugs, the packaging of smaller individual bags of marijuana within a larger bag, and the two sets of scales all sustain the jury's conclusion that the defendant intended to sell or deliver the drugs.

*Jury Instruction*

The defendant also contends that the trial court erred by failing to instruct the jury on the offense of casual exchange as a lesser included offense of possession with intent to sell or deliver. The State asserts that the trial court committed no error because casual exchange is not a lesser included offense of possession with intent to sell or deliver.

An accused's constitutional right to trial by jury, *see* U.S. Const. amend VI; Tenn. Const. art. 1, § 6, encompasses a right to a correct and complete charge of the law, *see State v. Teel*, 793 S.W.2d 236, 249 (Tenn. 1990). The trial court has a duty "to give a complete charge of the law applicable to the facts of a case." *State v. Harbison*, 704 S.W.2d 314, 319 (Tenn. 1986); *see Teel*, 793 S.W.2d at 249; *see also* Tenn. R. Crim. P. 30.

The legal accuracy of the trial court's instructions is a question of law entitled to de novo review. *See Troup v. Fischer Steel Corp.*, 236 S.W.3d 143, 149 (Tenn. 2007). The propriety of a given instruction is a mixed question of law and fact to be reviewed de novo with a presumption of correctness. *Carpenter v. State*, 126 S.W.3d 879, 892 (Tenn. 2004); *State v. Smiley*, 38 S.W.3d 521, 524 (Tenn. 2001).

This court has previously held that "casual exchange is not a lesser included

-4-

offense of possession of [a controlled substance] with the intent to sell" or deliver it. *State v. Nelson*, 275 S.W.3d 851, 865 (Tenn. Crim. App. 2008) (citing *State v. Timothy Wayne Grimes*, M2001-01460-CCA-R3-CD (Tenn. Crim. App., Nashville, Oct. 16, 2002)). We see no reason to depart from our reasoning in *Timothy Wayne Grimes*. The offense of casual exchange requires, by definition, an exchange. Possession of a controlled substance with intent to sell or deliver does not require an exchange. As such, casual exchange cannot be classified as a lesser included offense of possession with intent to sell or deliver. Consequently, the trial court did not err by failing to provide an instruction on the offense of casual exchange.[1]

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[1]The trial court properly instructed the jury on the inference of casual exchange. *See Adrian K. Nelson v. State*, No. M2009-02166-CCA-R3-PC, slip op. at 8 (Tenn. Crim. App., Nashville, Jan. 12, 2011).