# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### August 2000 Session

## STATE OF TENNESSEE v. THOMAS E. DAVENPORT and JOHN SIMMONS

**Appeal from the Criminal Court for Williamson County**
**No. II-299-53-A and B     Timothy L. Easter, Judge**

---

**No. M2000-00317-CCA-R3-CD - Filed November 17, 2000**

---

Both defendants were convicted by a Williamson County jury of selling more than 0.5 grams of cocaine, a Class B felony. Both defendants were sentenced as Range II, multiple offenders. Defendant Simmons received a sixteen-year sentence, and defendant Davenport received a fifteen-year sentence. In this direct appeal, both defendants challenge (1) the sufficiency of the evidence, and (2) the length and manner of service of their sentences. Simmons further raises the following issues: (1) whether he was denied a speedy trial; (2) whether the trial court erred in denying his motion to dismiss due to the absence of proper signatures on the indictment; and (3) whether the trial court erred in failing to require the state to elect an offense upon which to proceed. Additionally, Davenport makes the following allegations: (1) the trial court erred in allowing portions of the audio taped drug transaction to be presented to the jury; (2) the trial court erred in ruling his prior convictions were admissible under Tenn. R. Evid. 609; and (3) the trial court erred in denying his motion for a mistrial when the informant referred to Davenport's offering her a crack pipe. Based upon a review of the record, we affirm the judgment of the trial court as it relates to defendant Simmons; however, we reverse defendant Davenport's conviction for the sale of cocaine and reduce it to simple possession of cocaine. We remand to the trial court to re-sentence defendant Davenport.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court**
**Reversed in Part; Affirmed in Part; Remanded**

JOE G. RILEY, J., delivered the opinion of the court, in which JERRY L. SMITH, J., and L. TERRY LAFFERTY, Sr. J., joined.

Mark L. Puryear, III, Franklin, Tennessee, for the appellant, Thomas E. Davenport.

Virginia Lee Story, Franklin, Tennessee, for the appellant, John Simmons.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Sharon E. Tyler, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendants, Thomas E. Davenport and John Simmons, were convicted by a Williamson County jury of selling cocaine over 0.5 grams and sentenced to fifteen years and sixteen years, respectively. Both have appealed to this court challenging their convictions and sentences. We conclude the evidence was insufficient to support defendant Davenport's conviction for selling cocaine, reduce the conviction to simple possession of cocaine, and remand for re-sentencing. We affirm the judgment in all respects as to defendant Simmons.

**FACTS**

On August 27, 1998, officers from Williamson County used an informant from Rutherford County who made a controlled buy of 0.7 grams of cocaine at the home of defendant Davenport. At trial, the informant testified that she was incarcerated in the Rutherford County jail when officers approached her about becoming an informant. She testified that on the day in question she was driven by a Rutherford County officer in an unmarked vehicle to the house of defendant Davenport, which was located in Williamson County. Officers testified that she was wired with an electronic listening device, given five $20 bills and told to purchase $100 worth of cocaine.

The informant testified that she entered the house, and both defendant Davenport and defendant Simmons were present along with Davenport's girlfriend and another female. Simmons asked her what she wanted, and she said "a hundred."[1] Simmons stated that he did not have that much, but he could get it. She testified that she gave Simmons the money, and Simmons left the house. Officer Prestinini, who drove the informant to the scene, testified that he saw a man fitting the description of Simmons leave the residence shortly after the informant entered. Simmons returned approximately twenty minutes later. The informant testified that Simmons went to the kitchen table and broke off five rocks of cocaine and gave them to her. Davenport remained seated on the couch in another room but was able to see the kitchen table. She testified that she gave Davenport one of the rocks "because it was his house," and then left the scene with Officer Prestinini.

---

[1]When the informant was initially questioned as to who asked her what she wanted, she stated, "I think it was [Davenport]." However, after listening to the audio tape, she stated it was Simmons.

In addition to the informant's testimony, the state played portions of the audio taped recording of the alleged sale. Officers from both Rutherford and Williamson County testified that they did not offer the informant a "deal" or make her any promises with regard to her pending charges.

Neither defendant testified, nor did either offer any witnesses in defense.

The jury found both defendants guilty of the sale of more than 0.5 grams of cocaine. The trial court found both defendants were Range II, multiple offenders. Simmons received a sixteen-year sentence and Davenport a fifteen-year sentence. This appeal followed.

## I. SPEEDY TRIAL- SIMMONS

Simmons argues that he was denied a speedy trial. He contends he was continuously incarcerated since September 28, 1998, and filed a request for speedy trial on December 14, 1998. However, his trial did not begin until August 24, 1999.

### A. Speedy Trial Factors

Without question, criminal defendants are constitutionally and statutorily entitled to a speedy trial. U.S. Const. Amend. VI; Tenn. Const. Art. I, § 9; Tenn. Code Ann. § 40-14-101. There is no set time limit within which the trial must commence; rather, consideration must be given to the circumstances of each case. The Tennessee Supreme Court has adopted the balancing test set forth in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), as the method for determining whether a defendant's right to a speedy trial has been violated. State v. Wood, 924 S.W.2d 342, 346 (Tenn. 1996); State v. Baker, 614 S.W.2d 352, 353 (Tenn. 1981). If, after conducting this balancing test, it is concluded that the defendant was in fact denied a speedy trial, constitutional principles require that the conviction be reversed and the criminal charges dismissed. State v. Bishop, 493 S.W.2d 81, 83 (Tenn. 1973).

In conducting this balancing test, we are required to examine the conduct of both the prosecution and the appellant, focusing primarily on (1) the length of the delay, (2) the reason for the delay, (3) whether the appellant asserted his right to a speedy trial and (4) whether the appellant was prejudiced by the delay. Wood, 924 S.W. 2d at 346; Bishop, 493 S.W.2d at 84; State v. Jefferson, 938 S.W.2d 1, 12-13 (Tenn. Crim. App. 1996). The most important factor is whether the defendant was prejudiced by the delay. State v. Vance, 888 S.W.2d 776, 778 (Tenn. Crim. App. 1994). The most important inquiry with regard to prejudice is whether the delay impaired the defendant's ability to prepare a defense. *Id.* A delay of as long as two years standing alone will not support a finding of a speedy trial violation. *Id.* (citing Bishop, 493 S.W.2d at 84).

**B. Analysis**

We first note that the defendant did not file a motion to dismiss prior to trial as required by Tenn. R. Crim. P. 12(b) and, therefore, waives this issue under Tenn. R. Crim. P. 12(f). *See* State v. James W. Aldridge, C.C.A. No. 6, Fayette County (Tenn. Crim. App. filed Oct. 10, 1990, at Jackson), *perm. to app. denied* (Tenn. December 10, 1990). The filing of a demand for speedy trial does not satisfy this requirement. *Id.* at *3. The only pleading addressing this issue after the December 14, 1998, request for speedy trial was the motion for new trial. There was no evidence presented at the hearing in support of the claim. The record is insufficient to allow for adequate appellate review; thus, the issue is waived. Tenn. R. App. P. 36(a); State v. Jackie W. Kestner, No. 03C01-9611-CR-00390, Washington County (Tenn. Crim. App. filed June 30, 1998, at Knoxville), *perm. to app. denied* (Tenn. February 1, 1999).

Regardless, the record does not reflect a speedy trial violation. The offense was committed on August 27, 1998. The original indictment was obtained in October 1998, which was later dismissed and replaced by a superseding indictment in February 1999. A request for speedy trial was filed on December 14, 1998. In March and May of 1999, the defendant agreed to trial continuances. Thereafter, the trial in this matter was set for August 24, 1999, and the case proceeded to trial on that date.

Two continuances were agreed upon by the defendant, and the length of the delay was not prejudicial. We conclude that Simmons was not denied a speedy trial.

## II. VALIDITY OF THE CHARGING INSTRUMENT- SIMMONS

Simmons contends counts one and two of the charging instrument are invalid because they are not signed on the back by the grand jury members or the grand jury foreperson. He acknowledges that the third count is signed on the back by all twelve jurors and includes the signature of the grand jury foreperson. However, he claims that since only defendant Davenport is charged in count three, the endorsements on that count are not sufficient to indict him on counts one and two.

At the hearing on this motion, the trial judge determined that counts one, two and three comprised one document, and count three sufficiently integrated counts one and two by specifically noting a "true bill" on "counts 1, 2 and 3." Thus, he concluded the signatures were adequate to sustain the indictment as to all counts. We agree. *See* State v. Lawrence Shelton, C.C.A. No. 03C01-9505-CR-00138, Greene County (Tenn. Crim. App. filed March 13, 1996, at Knoxville), *perm. to app. denied* (Tenn. 1996). The indictment was sufficient to charge Simmons with the sale and delivery of more than 0.5 grams of cocaine.

## III. ELECTION OF OFFENSES- SIMMONS

Simmons filed a motion requesting that the trial court require the state to elect one count of the indictment upon which to proceed. In count one Simmons was charged with the sale of cocaine over 0.5 grams, and in count two he was charged with the delivery of cocaine over 0.5 grams. The trial court concluded an election was not required. Simmons contends that the state's failure to elect deprived him of a unanimous jury verdict.

The doctrine of election requires the state to elect a set of facts when it has charged a defendant with one offense, but there is evidence of multiple offenses. State v. Brown, 992 S.W.2d 389, 391 (Tenn. 1999). This doctrine is applied to ensure that the defendant can prepare for the specific charge, to protect the defendant from double jeopardy, and to ensure that some jurors do not convict on one offense and other jurors on another. State v. Shelton, 851 S.W.2d 134, 137 (Tenn. 1993). Issues of jury unanimity usually arise where the state presents evidence showing more than one criminal offense, but the underlying charging instrument lacks specificity as to the offense for which the accused is being tried. State v. Brown, 762 S.W.2d 135, 136-37 (Tenn. 1988).

However, there was no risk in this case that different jurors could have based their individual determinations on different sets of facts; thus, those cases requiring an election have no application to the case at bar. When the evidence does not establish that multiple offenses were committed, the need for election never arises. State v. Adams, ___ S.W.3d ___, ___ (Tenn. 2000). The jury was not required to make findings from among several possible criminal acts to determine whether Simmons was guilty of the sale or delivery of cocaine. An election is not required where the jury chooses which offense was committed based upon a single set of facts. State v. Lemacks, 996 S.W.2d 166, 170-71 (Tenn.1999). Thus, we conclude the trial court did not err in failing to require the state to make an election as to Count 1 or 2.

## IV. SUFFICIENCY OF THE EVIDENCE- SIMMONS and DAVENPORT

Both defendants challenge the sufficiency of the convicting evidence. Furthermore, Davenport argues that the state failed to demonstrate that he was criminally responsible for the actions of Simmons. He contends no evidence was presented to show that he either aided, attempted to aid, directed or solicited the conduct of Simmons, or that he intended to benefit in the proceeds or results of the offense.

### A. Standard of Review

In Tennessee, great weight is given to the result reached by the jury in a criminal trial. A jury verdict accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *Id.*; State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Moreover, a guilty verdict removes the presumption of

innocence which the appellant enjoyed at trial and raises a presumption of guilt on appeal. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). The appellant has the burden of overcoming this presumption of guilt. *Id.*

Where sufficiency of the evidence is challenged, the relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or crimes beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Abrams, 935 S.W.2d 399, 401 (Tenn. 1996). The weight and credibility of the witnesses' testimony are matters entrusted exclusively to the jury as the trier of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996).

### B. Simmons

We conclude the evidence was sufficient to find Simmons sold more than 0.5 grams of cocaine. The credibility of the informant and the weight to attach to her testimony were issues for the jury. *See* Sheffield, 676 S.W.2d at 547; Brewer, 932 S.W.2d at 19. The jury obviously believed the informant's testimony that she purchased $100 worth of crack cocaine from Simmons.

In addition to her testimony, the jury heard the alleged transaction on audio tape. The informant said she wanted "a hundred." Simmons stated that it would take him ten minutes to get it, and the informant paid Simmons $100. Officer Prestinini, who was waiting in the truck outside the house, testified that a man matching the description of Simmons exited the residence. Some time later Simmons returned. The informant testified that Simmons cut the cocaine into several rocks and gave them to her. Officer Prestinini testified that he received the cocaine from the informant after she exited the residence. Further testimony from state witnesses revealed the substance was indeed cocaine in the amount of 0.7 grams.

Thus, we find the jury heard sufficient evidence to conclude Simmons was guilty of the sale of 0.5 grams or more of cocaine.

### C. Davenport

Viewing the evidence in a light most favorable to the state, we conclude there was insufficient evidence to support Davenport's conviction for the sale of cocaine. There was no evidence that Davenport actually sold the informant cocaine, and the state failed to prove Davenport was criminally responsible for the actions of Simmons.

A person is criminally responsible for the conduct of another if "[a]cting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids or attempts to aid another person to commit the offense." Tenn. Code Ann. § 39-11-402(2).

We conclude there is nothing in the informant's testimony and nothing on the tape which reveals Davenport intended to promote or assist in the sale of the cocaine.[2]  Although the tape contains all conversations between the informant and Davenport during the approximately twenty-minute time period while Simmons was gone, there is nothing in those conversations indicating any intent by Davenport to assist in the offense or benefit from the sale by Simmons.  It was Simmons who made the initial deal, accepted payment, acquired the cocaine, and completed the transaction.

The state argues that Davenport was present and supplied the forum for the transaction.  However, mere presence of a person in an area where drugs are discovered is not, alone, sufficient to establish criminal liability.  State v. Cooper, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987).  Likewise, mere association with those in possession of drugs is insufficient to establish criminal liability.  State v. Transou, 928 S.W.2d 949, 956 (Tenn. Crim. App.1996).  Nor is this a situation in which an inference of unlawful possession may be created where the defendant is the owner of the premises.  See State v. Ash, 729 S.W.2d 275, 280 (Tenn. Crim. App. 1986).  Here, the state's proof showed the cocaine was brought on the premises by Simmons and given by Simmons directly to the informant.

The state further argues Davenport allowed the use of his house because he knew he would benefit from the transaction.  We are unable to make this assumption.  Although Davenport may have intended to benefit from the transaction, a criminal conviction cannot be based upon conjecture, speculation or a mere possibility.  State v. Sheppard, 862 S.W.2d 557, 565 (Tenn. Crim. App. 1992).  There is no indication that there was an agreement between Davenport, Simmons and the informant that Davenport would receive a portion of the cocaine because he was the owner of the house, and no evidence that he intended to or did share in the cash from the sale.  The mere fact that the informant gratuitously gave Davenport a rock after the sale by Simmons, "because it was his house," does not show that Davenport intended to benefit at the time of the sale.

In summary, viewing the evidence in a light most favorable to the state, the state's proof shows: (1) Simmons asked the informant what she wanted when the informant entered the residence; (2) Davenport was present in his residence when the informant requested cocaine; (3) Davenport was aware that Simmons received money for the cocaine; (4) Davenport knew Simmons left intending to return with cocaine; (5) Davenport observed Simmons giving the cocaine to the informant in Davenport's residence; and (6) the informant, without any request from Davenport, gave him a rock of cocaine "because it was his house."  The evidence is insufficient to establish that Davenport acted with the intent to promote or assist in the commission of the offense or to benefit in the proceeds, and is insufficient to establish that he solicited, directed, aided, or attempted to aid Simmons sell

---

[2]We note that the audio tape of the transaction, which was made an exhibit to the informant's testimony, included a conversation between Officer Prestinini and the informant immediately after the alleged buy, in which the informant indicated that Davenport sold twenty dollars worth of cocaine to another person in the house while the informant was waiting for Simmons to return.  However, this portion of the tape was not played for the jury.  Although she made reference to this alleged sale in her testimony, she was unclear as to whether Simmons was gone at the time and unclear as to whether Simmons or Davenport made the sale.  Thus, based on her testimony, one could not conclude that Davenport made the sale.

cocaine. *See* Tenn. Code Ann. § 39-11-402(2). Thus, Davenport's conviction for selling cocaine is reversed.

The jury was also instructed on the lesser included offense of simple possession. The informant testified that she gave Davenport a rock. The jury obviously concluded that Davenport accepted the cocaine from the informant as she left the residence. Thus, we find the evidence is sufficient to sustain a conviction against Davenport for the lesser offense of simple possession of cocaine. We, therefore, reduce his conviction to simple possession of cocaine and remand to the trial court for re-sentencing and entry of the appropriate judgment.

## V. DAVENPORT'S REMAINING ALLEGATIONS

The issue of sentencing with regard to defendant Davenport is moot in light of our holding as to sufficiency of the evidence. The trial court upon remand will re-sentence Davenport for the lesser offense of simple possession, a Class A misdemeanor. However, we will briefly address defendant Davenport's remaining allegations of error.

### A. Audio Tape

Davenport alleges the trial court erred in refusing to grant his pre-trial motion to exclude the audio taped recording of the transaction. He claims a large portion of the tape was irrelevant and certain portions were highly prejudicial. Specifically, he asserts portions of the tape refer to alleged prior illegal activity.

We agree with the trial court's holding that the portions of the tape to which Davenport objected did not include any mention of prior illegal activity. The conversations between Davenport and the informant involved stories about people with whom both were familiar. The tape does not reveal any personal information about Davenport's prior drug use or sale of drugs. Thus, we conclude the trial court did not abuse its discretion in allowing the jury to hear the tape.

### B. Prior Felony Convictions

Davenport alleges the trial court erred in declaring his prior drug-related felonies to be admissible if he testified. He argues the use of these convictions would be highly prejudicial and should be excluded under Tenn. R. Evid. 609.

The state filed an appropriate notice of intent to impeach Davenport with his prior convictions for possession of marijuana with intent to sell, possession of a weapon with intent to employ in the sale of marijuana, sale of marijuana, conspiracy to sell marijuana and sale of cocaine. The court determined that all of the convictions would be admissible except conspiracy to sell marijuana, which was a misdemeanor conviction.

This court has reached different conclusions as to whether prior drug convictions are suggestive of dishonesty. *See* State v. Brian Roberson, No. 01C01-9801-CC-00043, Williamson County (Tenn. Crim. App. filed December, 21, 1998, at Nashville), *perm. to app. denied* (Tenn. May 13, 1999) (the act of drug dealing is suggestive of dishonesty); State v. Jeffrey Walker, No. 01C01-9705-CC-00200, Maury County (Tenn. Crim. App. filed October 22, 1999, at Nashville) (selling drugs does not involve "dishonesty or false statement"). Regardless, we conclude that, because there was no offer of proof made at the hearing on this issue, Davenport has failed to demonstrate he was prejudiced by the trial court's decision. The Supreme Court in State v. Galmore noted that a defendant is not required to make an offer of proof nor testify at trial in order to preserve this issue for appeal; however, the court also noted that "[d]epending upon the facts and circumstances of a case, an offer of proof may be the only way to demonstrate prejudice." 994 S.W.2d 120, 125 (Tenn. 1999); *see also* State v. Taylor, 993 S.W.2d 33, 35 (Tenn. 1999). Davenport has not specified and we are unable to determine the nature of his proposed testimony. Therefore, under the facts and circumstances of this case, we hold that Davenport has failed to demonstrate prejudice.

### C. Mistrial

Davenport contends he should have been granted a mistrial because the informant was allowed to testify that Davenport offered her a crack pipe while they were waiting for Simmons to return. He further argues that the instruction of the trial court was insufficient to correct the prejudice caused by the improper testimony.

During the testimony of the informant, the state played the audio tape of the alleged drug transaction. At one point the prosecuting attorney stopped the tape and asked the informant what was being said. The informant then testified that Davenport offered her a crack pipe, and she refused. At this point, defense counsel objected and requested a mistrial. The tape was replayed for the court with the jury out and revealed the following exchange:

Davenport: "do you want it?"
Informant: "no, I have to pick up my niece."

The judge then instructed the district attorney to refrain from admitting evidence regarding the crack pipe as that charge had been severed and was not relevant to the current charges before the court. He further admonished the jury that they were to disregard any mention of a crack pipe.

We find that the trial court did not err in denying Davenport's motion for a mistrial. The trial court instructed the jury to disregard comments regarding the crack pipe. Davenport is not entitled to relief on this issue.

# VI.  SENTENCING- SIMMONS

Simmons challenges the length and manner of service of his sentence.  He contends his sentence is excessive.  He further argues that he should be placed on community corrections.

## A.  Standard of Review

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness.  Tenn. Code Ann. § 40-35-401(d).  This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances.  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*.  State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).  The burden is upon the appealing party to show that the sentence is improper.  Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments.

If no mitigating or enhancement factors for sentencing are present, Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence for most offenses shall be the minimum sentence within the applicable range.  State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991).  However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors.  Tenn. Code Ann. § 40-35-210(e).  No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record.  State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997); *see* Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments.  Nevertheless, should there be no mitigating factors, but enhancement factors are present, a trial court may set the sentence above the minimum within the range.  Tenn. Code Ann. § 40-35-210(d); Lavender, 967 S.W.2d at 806; Manning v. State, 883 S.W.2d 635, 638 (Tenn. Crim. App. 1994).

## B.  Length of Sentence

The court properly found Simmons was a Range II, multiple offender based on his four prior felony convictions for selling cocaine.  In addition, the trial court found Simmons had a previous history of criminal convictions or behavior in addition to those necessary to establish the appropriate range; had a previous history of unwillingness to comply with the conditions of a sentence involving release into the community; and the current offense was committed while on parole from a prior felony conviction.  Tenn. Code Ann. 40-35-114(1), (8), (13).  The court did not find any mitigating factors.

Simmons does not challenge the applicability of the enhancement factors, and we do not find any error in their application.  Likewise, he does not list any mitigating factors which he believes should have been applied by the trial court.  As a Range II, multiple offender Simmons was subject

to a sentence of 12 to 20 years. *See* Tenn. Code Ann. § 40-35-112(b)(2). We conclude the trial court did not err by sentencing him to sixteen years, a mid-range sentence.

### C. Manner of Service

Simmons argues he had a strong potential for rehabilitation; therefore, he should have been placed on community corrections. The Community Corrections Act establishes a program of community-based alternatives to incarceration for certain eligible offenders. *See* Tenn. Code Ann. § 40-36-103. The Act does not provide that all offenders who meet these requirements are entitled to such relief. State v. Grandberry, 803 S.W.2d 706, 707 (Tenn. Crim. App. 1990). Indeed, Tenn. Code Ann. § 40-36-106(d) provides that the eligibility criteria shall be interpreted as minimum standards to guide the court's determination of eligibility of offenders under the Act.

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); *see also* Ashby, 823 S.W2d at 169; State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997).

The defendant had four prior convictions for the sale of cocaine, and convictions for possession of cocaine, possession of a prohibited weapon and simple assault. The trial court found that less restrictive measures than incarceration had previously been unsuccessfully applied to Simmons, and the current offense was committed while he was on parole for a prior felony. Therefore, the trial court held Simmons was not an appropriate candidate for community corrections. We conclude the trial court did not err in denying community corrections.

### CONCLUSION

We conclude the evidence was insufficient to support Davenport's conviction for the sale of cocaine. However, we find the evidence was sufficient to sustain a conviction for the lesser included offense of simple possession and remand to the trial court for re-sentencing and entry of the appropriate judgment. We conclude the evidence was sufficient to support Simmons' conviction for the sale of more than 0.5 grams of cocaine. Furthermore, we find all other issues raised by Simmons to be without merit; therefore, we affirm his conviction and sentence.

_____
JOE G. RILEY, JUDGE