IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
November 28, 2001 Session

## STATE OF TENNESSEE v. MICHAEL CAMMON

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-47877     James K. Clayton, Jr., Judge**

---

**No. M2001-00592-CCA-R3-CD - Filed October 25, 2002**

---

The appellant, Michael Cammon, was convicted in a jury trial of robbery, aggravated assault and possession of over 300 grams of cocaine with the intent to sell or deliver. He was also convicted of felony possession of a weapon. For these offenses the appellant received sentences of three years, three years, twenty-two years, and two years, respectively. All sentences were set to run concurrently with each other, but consecutively to any previous sentences the appellant might have to serve. In this appeal he raises three issues for our consideration. First, he claims the evidence is insufficient to corroborate the testimony of his accomplice. Secondly, he alleges that the trial court erred in failing to instruct the jury with respect to the amount of controlled substance required for the offense charged. Finally, the appellant complains that the trial court erred in failing to instruct the jury on the lesser-included offense of simple assault. We find no reversible error with respect to the narcotics offense or with respect to the conviction for aggravated robbery. Those convictions are affirmed. However, we must reverse the conviction for aggravated assault and remand this case for a new trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed in Part and Reversed and Remanded in Part.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Michael J. Flanagan, Nashville, Tennessee, for the appellant, Michael Cammon.

Paul G. Summers, Attorney General & Reporter; David H. Findley, Assistant Attorney General; Bill Whitesell, District Attorney General; and John W. Price, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Factual Background

On February 17, 1998, Rutherford County Deputy Gregory Tillman stopped a late 1980's model Chevrolet Caprice on Interstate 24 near Murfreesboro. Tillman stopped the car because it did not have its headlights on during inclement weather. The appellant, Michael Cammon, was driving the car while the owner, Antonio McCray, was a passenger. Tillman asked the appellant to sit in the back seat of the patrol cruiser while he wrote a ticket for the traffic offense. McCray remained in his vehicle.

As he had stopped the car, Tillman had noticed that the occupants appeared to be hiding something. In addition, the appellant had initially said he had just brought the car, but then changed his story and said the car belonged to McCray. As a result of this suspicious behavior, Tillman asked the appellant if he was carrying any illegal drugs and also if the officer could search the car. The appellant denied there were any drugs in the car and he refused to consent to a search. Tillman told the appellant a drug dog was in route to the scene and then the officer exited the car to ask if McCray would consent to a search.

Tilliam returned to his patrol car with McCray. As the deputy opened the back door of the patrol car, the appellant jumped out and grabbed for Tillman's pistol. During the struggle the weapon discharged. Eventually, Tillman let go of the gun, pushed the appellant away and ran across the interstate. Looking back, he saw McCray get into his vehicle and flee while the appellant stood on the side of the road with Tillman's pistol.

After fleeing the scene, McCray exited the interstate a short distance away. He grabbed the weapons that both he and the appellant had been carrying along with a quantity of cocaine that the appellant had purchased in Atlanta and threw the items into a fenced area housing a trash dumpster. McCray then hid in a hotel that was closed for remodeling. Eventually, the police found two pistols and two bundles of cocaine near the dumpster where McCray had been seen disposing of the contraband. One bundle of cocaine weighed 250.5 grams, and the second one weighed 250.3 grams.

Ultimately, both the appellant and McCray were apprehended. McCray testified for the prosecution at the appellant's trial.

Corroboration of Accomplice Testimony

The appellant claims the testimony of Antonio McCray was insufficiently corroborated to sustain the appellant's covinctions.

In Tennessee, it is a long established legal principle that a criminal defendant cannot be convicted on the uncorroborated testimony of an accomplice. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). However, the needed "corroborative evidence may be direct or entirely circumstantial, and it need not be adequate, in and of itself, to support a conviction; it is sufficient to meet the requirements of the rule if it fairly and legitimately tends to connect the defendant with the commission of the crime charged." Id. The corroboration need not "extend to every part of the accomplice's testimony," and it need only be slight and, when standing alone, entitled to but little consideration. Id.; see also State v. Griffis, 964 S.W.2d 577, 589 (Tenn. Crim. App. 1997).

In the instant case Deputy Tillman testified that the appellant got control of the officer's pistol and fled the scene. A disinterested eyewitness saw a black man like McCray dispose of something at the same dumpster in which McCray said he hid the weapons and drugs. Indeed, weapons and drugs were found exactly where McCray said they would be. Under the circumstances it is clear that McCray's testimony was sufficiently corroborated.

The appellant also complains that the trial court failed to instruct the jury as to how to consider accomplice testimony. However, it appears that no request for such an instruction was made by the defense. In the absence of such a request, the trial court does not err by failing to instruct the jury on accomplice testimony, even if the proof would warrant such an instruction. State v. Anderson, 985 S.W.2d 9, 17 (Tenn. Crim. App. 1997). This issue is without merit.


Failure to Instruct the Jury Regarding the Amount of Controlled Substance
Required for the Offense Charged.

The appellant also complains that the trial court erred in failing to instruct the jury that it must find beyond a reasonable doubt that the appellant possessed more than 300 grams of cocaine in order to convict of the offense charged in the indictment.

It is well-settled that when the amount of a controlled substance is an element of the crime charged, it is error for the trial judge, even in the absence of a request, to fail to instruct the jury with respect to the amount of controlled substance necessary to commit the offense. State v. Walker, 29 S.W.3d 885, 893 (Tenn. Crim. App. 1999). However, such an error is subject to constitutional harmless error analysis; that is to say that any such error must be found harmless beyond a reasonable doubt. Id.

The instant case is very similar to Walker and it is clear that it was error for the trial court to fail to instruct the jury as to the amount of cocaine that the appellant must have possessed to be guilty of the offense charged. The only question then becomes whether that error was harmless beyond a reasonable doubt.

In the instant case the appellant did not challenge the evidence concerning the amounts of cocaine. There was no challenge to expert testimony concerning the amount of cocaine or to the

chain of custody. The trial court, when reading the indictment to the jury, did state that the appellant was charged with felonious possession of over 300 grams. Under very similar circumstances this Court in <u>Walker</u> found the same error as that committed here to be harmless beyond a reasonable doubt. We do likewise in the instant case. This issue affords the appellant no relief.

<u>Failure to Instruct the Jury on the Lesser-Included Offense</u>
<u>of Simple Assault</u>

The appellant was charged and convicted of aggravated assault. On appeal he maintains that the trial court erred in failing to instruct the jury with respect to simple assault. This requires us to examine the elements of the offenses of aggravated assault and simple assault.

Tennessee Code Annotated section 39-13-102 provides in pertinent part:

> (a) A person commits aggravated assault who:
> (1) Intentionally or knowingly commits an assault as defined in § 39-13-101 and:
>> (A) Causes serious bodily injury to another; or
>> (B) Uses or displays a deadly weapon; or
> (2) Recklessly commits an assault as defined in § 39-13-101(a)(1), and:
>> (A) Causes serious bodily injury to another; or
>> (B) Uses or displays a deadly weapon.

Tenn. Code Ann. § 39-13-102(a)(1), (2).

Tennessee Code Annotated section 39-13-101 provides:

> (a) A person commits assault who:
> (1) Intentionally, knowingly or recklessly causes bodily injury to another;
> (2) <u>Intentionally</u> or <u>knowingly</u> causes another to reasonably fear imminent bodily injury; or
> (3) Intentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative.
> (b) Assault is a Class A misdemeanor unless the offense is committed under subdivision (a)(3), in which event assault is a Class B misdemeanor.

Tenn. Code Ann. § 39-13-101 (emphasis added).

Clearly, assault is a lesser-included offense of aggravated assault. <u>State v. Smiley</u>, 38 S.W.3d 521, 525 (Tenn. 2001). However, we must next determine whether an instruction on every variation of simple assault is warranted by the evidence in this case. <u>Id.</u> If the evidence in the record is sufficient to sustain a conviction for any variation of simple assault, then the jury should have been instructed with respect to that offense. <u>Id.</u>

There is proof in the record that Deputy Tillman sustained bodily injuries during the struggle with the appellant. He testified that he had minor cuts and abrasions, a chipped tooth, and bite marks on his hands. Thus, there is sufficient evidence for a rational trier of fact to conclude that an assault under section 39-13-101(a)(1) occurred. Furthermore, there is proof in the record from which a rational trier of fact could conclude that Deputy Tillman reasonably feared imminent bodily injury as a result of the appellant's actions, thus constituting an assault under section 39-13-101(a)(2). However, it appears that the appellant's actions were not of the type that our supreme court has characterized as "offensive or provocative". These actions are ones which offend one's sense of personal dignity, but do not cause injury. Smiley, 38 S.W.3d at 525.

In summary therefore we find that the trial court erred in failing to instruct the jury with respect to the lesser-included offenses of assault as they are defined in Tennessee Code Annotated section 39-13-101(a)(1) and (2). However, as in Smiley, there is no error in failing to instruct the jury on simple assault as defined at Tennessee Code Annotated section 39-13-101(a)(3).

The next question is whether the error in failing to give the instruction on the two forms of simple assault described above was harmless beyond a reasonable doubt. See State v. Allen, 69 S.W.3d 181, 189 (Tenn. 2001). In making this determination we must conduct a thorough examination of the record, including the evidence presented at trial, the appellant's defense, and the verdict returned by the jury. Id. at 191.

The appellant did not testify in this case, but his defense, as gleaned from his attorney's closing argument, appears to be that the appellant's actions did not measure up to the offenses alleged in the indictment; namely that he did not use or display Tillman's pistol to assault Tillman, but to stop Tillman from pulling the gun. Tillman's own testimony was that although he and appellant struggled over the weapon, the appellant never directly threatened the deputy with the weapon once the appellant got control of the pistol.

Under these circumstances we cannot say beyond a reasonable doubt that a jury would not have convicted the appellant of one of the variations of simple assault which should have been charged, had the panel been instructed with respect to those options. We therefore reverse the appellant's conviction for aggravated assault and remand this case for a new trial on that charge in accordance with this opinion.

## Conclusion

In light of the foregoing, the judgments of conviction for aggravated robbery and possession of over 300 grams of cocaine with the intent to sell or deliver are affirmed. The conviction for aggravated assault is reversed and remanded for a new trial in accordance with this opinion.

_____
JERRY L. SMITH, JUDGE

-5-