# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### June 9, 2004 Session

## FREDDIE L. OSBORNE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Montgomery County**
**No. 39059     John H. Gasaway, III, Judge**

---

**No. M2003-02088-CCA-R3-PC - Filed August 31, 2004**

---

The petitioner was convicted for sale of a controlled substance and sentenced to 32 ½ years in the Tennessee Department of Correction. The petitioner appealed his conviction to this Court. We affirmed his conviction. The petitioner then filed a Petition for Post-conviction Relief. The post-conviction court granted his petition. The State now appeals the post-conviction court's decision, arguing two issues: (1) Whether failure of trial defense counsel to follow the mandatory provisions of Rule 609 amounted to ineffective assistance of counsel at trial, and (2) whether failure of trial defense counsel to request the jury charge of facilitation amounted to ineffective assistance of counsel at trial, where that charge would now be automatically given. We reverse and remand the decision of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Reversed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Paul G. Summers, Attorney General & Reporter; Richard H. Dunavant, Assistant Attorney General; John Carney, District Attorney General; and Daniel Brollier, Assistant District Attorney General, for the appellant, State of Tennessee.

William L. Aldred, Jr. Clarksville, Tennessee, for the appellee, Freddie L. Osborne.

**OPINION**

Factual Background

On July 30, 1998, a Montgomery County jury found the petitioner guilty of sale of a controlled substance, a Class A felony. State v. Walter L. Meriweather, John Head, Jr., Freddie Osborne, Nos. M1998-00323-CCA-R3-CD, M1998-00326-CCA-R3-CD, M1998-00332-CCA-R3-CD at *1 (Tenn. Crim. App. at Nashville March 31, 2000), perm. to app. den. (Tenn. Nov. 6, 2000). The trial court sentenced the petitioner to 32 ½ years in the Tennessee Department of Correction as a Range II offender. Id. The petitioner appealed his conviction to this court in a joint appeal with his co-defendants. Id. Their sole issue on appeal was whether the Drug-Free School Zone Act was constitutional. The petitioner and his co-defendants were unsuccessful on this appeal.

The petitioner then filed a Petition for Post-Conviction Relief on June 20, 2001. An amended petition was filed on September 12, 2002. The petitioner's argument in his petition was that he received ineffective assistance of counsel. The post-conviction court held a hearing on October 15, 2002. After the hearing, the post-conviction court orally granted the petition. The State filed a Motion to Reopen Proof and Reconsider Ruling on March 3, 2003. The post-conviction court made oral findings granting the petitioner's petition and denying the State's motion on August 12, 2003, and filed a written order reflecting the decision on August 22, 2003. The State now appeals the granting of the petition.

**ANALYSIS**

The State argues two issues on appeal: (1) whether failure of trial defense counsel to follow the mandatory provisions of Rule 609 amounted to ineffective assistance of counsel at trial, and (2) whether failure of trial defense counsel to request the jury charge of facilitation amounted to ineffective assistance of counsel at trial, where that charge would now be automatically given.

**Standard of Review**

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issue raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. See State v. Honeycutt, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

**Ineffective Assistance of Counsel**

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. See Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." Henley, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. See id. at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. Burns, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. See Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. See id. However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. See Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Rule 609 Hearing

Rule 609(a)(3) of the Tennessee Rules of Evidence reads:

(a) General rule. – For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime may be admitted if the following procedures and conditions are satisfied:
. . .
　　(3) If the witness to be impeached is the accused in a criminal prosecution, the State must give the accused reasonable written notice of the impeaching conviction before trial, and the court upon request must determine that the conviction's probative value on credibility outweighs its unfair prejudicial effect on

the substantive issues. The court may rule on the admissibility of such proof prior to the trial but in any event shall rule prior to the testimony of the accused. If the court makes a final determination that such proof is admissible for impeachment purposes, the accused need not actually testify at the trial to later challenge the propriety of the determination.

In the petitioner's case, the district attorney's office did give written notice of the intent to use the petitioner's prior convictions. The petitioner's attorney at trial did not ask the trial court for a ruling as to the admissibility of the prior convictions.

At the post-conviction hearing, the petitioner testified that he did want to testify at his trial. The petitioner said he stood up to testify, but his trial counsel grabbed his leg and pushed him down saying that his trial counsel would handle the situation. At the hearing, the petitioner's trial counsel agreed that he had not introduced any evidence at trial to support the petitioner's claim that he was merely present at the drug transaction and not a participant. The petitioner's trial counsel then went on to state:

> Mr. Osborne, had he taken the stand, he has previously been convicted of a B felony sale of cocaine and two C felony sales of cocaine. I did not think that he would make a good witness. And, as I said, based on what I knew of those once he took the stand then he was going to be open to these other questions of things that he said and things that he did that would in fact undercut [his theory of the case], I felt like, severely.

The petitioner's trial counsel went on to later testify that he assumed the prior convictions would not come in because they were more prejudicial than probative. However, he never stated that he was positive they would not come in and he included the existence of the prior convictions as a reason for advising the petitioner to not take the stand.

The post-conviction court made the following findings of fact at the conclusion of the post-conviction hearing with regard to the failure of trial counsel to request a Rule 609 hearing at the petitioner's trial:

> While it is true Mr. Osborne says today that he wanted to testify, and while it is also true that [trial counsel] doesn't have any memory of whether Mr. Osborne indicated that he wanted to testify – in fact, [trial counsel]'s – the evidence from [trial counsel] is based on his habit. It is my habit to consult with my clients after there is a presentation of the case in chief, he said. It's also my habit to try to talk to the client before the trial as well as when the State rests its case in chief and that's probably what I did do.

[Trial counsel] cannot say today that he has any memory of doing that. So, in the face of Mr. Osbornes's protestations that he wanted to testify and [Trial counsel] stopped him, and [Trial counsel] compounded it by saying I don't remember what happened, in the face of that is Mr. Osborne's own testimony here today that he – Mr. Osborne – remembers that he talked to [Trial counsel] about it decided to take [Trial counsel's] advise [sic].

Now whether that advise [sic] by [Trial counsel] was – because [Trial counsel] thought that the prior convictions would be used to impeach the credibility of Mr. Osborne and told Mr. Osborne that, and Mr. Osborne believing that to be true decided not to testify I suppose we'll never know.

What concerns the Court is that if that's how it unfolded, if [Trial counsel] said to Mr. Osborne you know, I don't think you should testify because if you do the State's going to be throwing those prior convictions in your face, and that's going to be presented to the jury and the jury is going to learn about those prior convictions, if that's what [Trial counsel] told him, and he told him that without even trying to get a ruling from the Court under rule 609 as to whether or not they would even be used, I suppose we'll never know that. What the evidence is here today is Mr. Osborne saying I consulted with [Trial counsel]; he told me what he thought, and I decided not to testify.

> [Whereupon Trial counsel was recalled to the stand and questioned regarding his advice to the petitioner not to testify]
>
> . . . .

Rule 609(A)(3) reads in part as follows: The Court may rule on the admissibility of such proof prior to the trial, but in any event shall rule prior to the testimony of the accused.

The clear intent of that is so that an accused has a clear appreciation of whether or not prior convictions are going to be used should he or she take the stand. That's the clear intent of that rule.

The Court can do it, if it wants to, at an earlier time but it has to do it, the Court is mandated to make that decision before the accused testifies so that the accused can factor that in in deciding whether to testify.

[Trial counsel] should have gotten a ruling from the Court as to whether or not these prior convictions could have been used by the State to impeach Mr. Osborne's testimony should he decide to testify, and without that this Defendant did

not make a knowing decision regarding that right. The petition is granted. A new trial is ordered.

After reviewing the evidence presented at the post-conviction hearing, we agree with the post-conviction court that the petitioner has proven less than adequate representation on the part of his trial counsel. It is obvious from the trial counsel's testimony that he considered the prior convictions an issue during any cross-examination of the defendant. Any questions could have been resolved on this matter had the trial counsel requested a hearing as is provided for in the Tennessee Rules of Evidence. It is very likely that the trial court would have ruled that these prior convictions were inadmissible. This Court has held that a defendant on trial for the sale of cocaine generally should not be impeached by prior convictions for the sale of cocaine. State v. Walker, 29 S.W.3d 885, 891 (Tenn. Crim. App. 1999). This could have led to a very different decision on the part of both the petitioner and his trial counsel. Clearly, the trial counsel's failure to request a Rule 609 hearing was not up to par for a reasonable criminal defense attorney in these circumstances.

However, our analysis does not stop there. We must also analyze whether any prejudice against the petitioner resulted because of the trial counsel's inadequate representation. The post-conviction court did not include any actual findings of how the failure to request a hearing resulted in prejudice other than that it may have affected the petitioner's decision to testify.

As we stated above, in order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. See Strickland, 466 U.S. at 694. In this case, the petitioner has not shown that there is a reasonable probability that the jury would have found the petitioner not guilty. At the petitioner's trial, the jury was shown a videotape of the drug transaction. All parties testified at the post-conviction hearing that the petitioner is clearly visible in the videotape throughout the drug transaction. The jury would be capable of determining whether the petitioner was involved in the transaction even without the petitioner's testimony in his own defense. In addition, the police officers involved in the petitioner's arrest also testified at the trial and clearly implicated the petitioner in the crime.

At the post-conviction hearing the petitioner stated that he would have testified to his version of the facts. The petitioner stated that he would have testified that he was in the vicinity of the drug transaction because his girlfriend lived in front of the apartment where the drugs were being sold. The petitioner had run into one of his co-defendants, Mr. Walton, on the sidewalk about fifteen minutes before he went into the apartment where the drugs were sold. The petitioner was also going to testify that he had been drinking and was wobbly and tipsy. The petitioner wanted to tell the jury that he did not have any drugs on him, Mr. Walton had the drugs. The petitioner also wanted to testify that he received no money from the transaction.

The evidence the petitioner provided at the post-conviction hearing has not shown that there is a reasonable probability that the jury would have found the petitioner not guilty. Therefore, while

we do find that the trial counsel's failure to request a Rule 609 hearing is deficient representation, we cannot find prejudice as a result of this deficiency. Therefore, we reverse the decision of the post-conviction court and find that the petitioner's petition should have been denied on this ground.[1]

## Lesser-Included Offense Instruction

In its August 12, 2003 ruling, the post-conviction court found that petitioner's trial counsel's failure to request an instruction on facilitation was also ineffective assistance of counsel. The post-conviction court stated in its findings that it was ineffective assistance of counsel for petitioner's trial counsel to fail to request an instruction on facilitation. The post-conviction court did not make any findings as to how or why this failure was ineffective assistance of counsel or whether this failure was prejudicial to the petitioner.

To determine whether trial counsel should be found to have given ineffective assistance of counsel, we must determine whether there was evidence to support a conviction for facilitation of sale or delivery of a controlled substance necessitating a jury instruction on that offense. At the time of petitioner's trial, facilitation should have been charged, "where the facts could cause reasonable minds to conclude that the defendant lacked the intent to promote, or assist in, or benefit from the felony's commission." State v. Utley, 928 S.W.2d 448, 452 (Tenn. Crim. App. 1995).

The primary evidence at trial was the testimony of Agent Maxey Gilleland and a videotape of the sale. Agent Gilleland testified that the petitioner searched the agent for a wire and also discussed selling three ounces of cocaine to the agent. The parties then entered the apartment with the petitioner's co-defendant, Mr. Walton. When the agent asked for more cocaine, Mr. Walton looked at the petitioner and the petitioner placed more cocaine on the scales. Agent Gilleland pointed out that portion of the videotape during the petitioner's trial. We find that a reasonable mind could not conclude that the petitioner lacked the intent to promote, or assist in or benefit from the felony's commission when presented the evidence outlined hereinabove.

We find that trial counsel's actions in failing to ask for an instruction on facilitation did not amount to deficient representation. Even if trial counsel's performance was deficient, the petitioner would still have to prove prejudice to the extent that there is a reasonable probability that the outcome of the trial would have been different if there had been an instruction for facilitation. See Strickland, 466 U.S. at 694. Once again, as in the Rule 609 issue, the petitioner cannot prove that the jury would probably have found him guilty only of facilitation of the sale or delivery of a controlled substance as opposed to the sale or delivery of a controlled substance. Having considered the evidence of the agent's testimony and the videotape, we find it unlikely that the jury would have found the petitioner guilty of facilitation. We find that the petitioner has failed to carry his burden of proving prejudice with respect to this claim.

---

[1] We also point out that the petitioner's trial occurred before the issuance of Momon v. State, 18 S.W.3d 152 (Tenn. 1999), which puts forth the procedural guidelines when a defendant waives his right to testify. 18 S.W.3d at 155. Because Momon did not establish a new constitutional rule, the requirements are not retroactive. See Id. at 162-63.

For the above reasons, we reverse the decision of the trial court and remand for further proceedings in accordance with this opinion.

 

_____

JERRY L. SMITH, JUDGE