IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 15, 2004

## STATE OF TENNESSEE v. THEODORE F. HOLDEN

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2003-B-904     Cheryl Blackburn, Judge**

_____

**No. M2004-00570-CCA-R3-CD - Filed April 19, 2005**

_____

The defendant appeals his burglary conviction and argues that the trial court erred in finding that he "opened the door" to cross-examination regarding his prior burglary convictions. Upon thorough review, we conclude that defense counsel's pattern of questioning did not open the door to cross-examination on prior burglary convictions initially ruled inadmissible. We hold that the trial court erred in reversing itself and allowing cross-examination as to the convictions; therefore, we reverse the judgment of the trial court and remand for a new trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., joined and JOHN EVERETT WILLIAMS, J., dissented.

Ross E. Alderman, District Public Defender; Emma Rae Tennent (on appeal) and Patrick Frogge (at trial), Assistant Public Defenders, for the appellant, Theodore F. Holden.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Senior Counsel; Victor S. (Torry) Johnson, III, District Attorney General; and Bret Gunn and Angie Dalton, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

Facts and Procedural History

The defendant, Theodore F. Holden, was indicted for one count of burglary of a motor vehicle and two counts of theft of property. Following the State's dismissal of the theft charges, a jury found the defendant guilty of the remaining charge of burglary, and he was sentenced to six years incarceration as a career offender. On appeal, the defendant's sole contention is that the trial court erred when it found that the defendant "opened the door" to cross-examination regarding the defendant's prior burglary convictions.

Prior to trial, the State filed a notice of intent to use prior convictions for impeachment purposes. The convictions, listed chronologically, included:

1) Armed Robbery (November 10, 1988)
2) Attempted Aggravated Robbery (January 9, 1992)
3) Theft (January 29, 1996)
4) Theft (March 28, 1996)
5) Theft (May 30, 1996)
6) Burglary (July 11, 1996)
7) Burglary (July 3, 1997)
8) Possession of Cocaine for Sale (January 14, 2000)
9) Criminal Impersonation (December 4, 2000)
10) Theft (December 4, 2000)
11) Attempted Theft (January 12, 2001)
12) Theft (March 5, 2001)
13) Burglary (April 24, 2001)

In response, the defendant filed a motion in limine, contending that should the defendant testify the court should prohibit impeachment with his past convictions. Specifically, the defendant argued that, with the exception of criminal impersonation, none of the convictions were admissible because they were: (1) stale, and the interests of justice did not require the court to look beyond ten years; (2) not probative at all as to credibility; or (3) the same charge for which the defendant was on trial, resulting in heightened prejudice. Alternatively, the defendant requested a limiting instruction for the jury if the convictions were to be allowed to impeach the defendant.

In ruling on the motion in limine, the trial court found that the prejudicial effect of the armed robbery and attempted aggravated robbery convictions outweighed their probative value because they would bring to the jurors' minds crimes of violence. The court further disallowed the three burglary convictions because of their similarity to the crime for which the defendant was charged. The court also found the conviction for possession of cocaine for sale to be inadmissible to impeach the defendant. Regarding the remaining charges of theft, attempted theft, and criminal impersonation, the trial court found that their "probative value far outweighs any prejudicial value because [the defendant's] credibility would be at issue" and allowed the convictions for the purpose of impeachment.

As part of the defense's proof at trial, the defendant testified, and the following exchange took place between the defendant and his counsel on direct examination:

Q: Now Mr. Holden, you know that by choosing to testify today, your credibility is at issue?
A: I understand.
Q: And you do have several misdemeanor thefts on your record; is that true?

A: Yes, I do.
Q: You have three in 1996?
A: I guess, yeah.
Q: You have one in 2000?
A: I guess, yeah.
Q: You have misdemeanor criminal impersonation in 2001?
A: Yeah, I do.
Q: And you have a theft in 2001, a misdemeanor theft?
A: Okay.
Q: Now you pled guilty in all of those cases; is that correct?
A: Yes, I did.
Q: You didn't plead guilty in this case?
A: No, I didn't.
Q: Why not?
A: Because I'm not guilty?

Following the exchange, a bench conference was requested by the State and held on the record. During the conference, the State argued that defense counsel's line of questioning implied that all of the defendant's convictions were misdemeanors, thereby leaving a "misimpression" with the jury. Further, the State requested that it be allowed to ask about the defendant's felony convictions which had been previously excluded by the court under Tennessee Rule of Evidence 609. Defense counsel countered that he did not state the list was all-inclusive of the defendant's record or that the defendant did not have felony convictions.

After the jury was removed from the courtroom, the State reiterated that defense counsel had impermissibly broadened the questioning, thereby opening the door to cross-examination on the full array of convictions. The defense countered that it properly examined the defendant regarding the charges ruled admissible in the motion in limine, noting that the convictions were called misdemeanors because that is, in fact, what they were.

In ruling on the admissibility of the remaining convictions, the court initially noted that while defense counsel had portrayed the defendant as only having misdemeanor convictions, the defendant's record, in fact, contained six felony convictions, all previously excluded under Rule 609. Further, the court found that the defendant's credibility "couldn't be more at issue," and re-applied the balancing test of Rule 609 to the remaining convictions. The court concluded that the defendant could be cross-examined regarding the burglary convictions, which are crimes of dishonesty, but not as to any other convictions. Following counsel's request, the court allowed the defense to address the burglary convictions first, on direct examination, which defense counsel did. On direct examination, the defendant stated that he pled guilty to the three previous burglary charges, but not the present charge. The trial court gave the jury a limiting instruction before the defendant was cross-examined.

Following his conviction, the defendant filed a motion for new trial, which was denied by the trial court. On appeal, the defendant argues that the court erred in ruling that the defendant opened the door to his burglary convictions, which had previously been found inadmissible under Rule 609.

Analysis

Tennessee Rule of Evidence 609 states that the credibility of a witness may be attacked by evidence of prior convictions if certain prerequisites are met. First, the conviction must be punishable by death or imprisonment over one year or must involve a crime of dishonesty or false statement. Tenn. R. Evid. 609(a)(2). Secondly, if the witness to be impeached, is a criminal defendant, the State must give notice prior to trial of its intent to use the conviction for impeachment. Tenn. R. Evid. 609(a)(3). Finally, upon request, the court must determine that the probative value of the prior conviction on the issue of credibility outweighs its prejudicial effect on substantive issues. Tenn. R. Evid. 609(a)(3).

Thus, Tenn. R. Evid. 609(a)(3) grants special treatment to criminal defendants when it comes to impeachment with prior convictions. The reason for this is obvious. There is a concern that if a jury knows of a defendant's previous criminal record, the panel might conclude that the defendant has a propensity to commit crimes and convict on this basis rather than on the evidence of the charges before them. This concern is greatly heightened when all or some of the prior convictions are for identical crimes as those for which the defendant is on trial. State v. Walker, 29 S.W.3d 885, 891 (Tenn. Crim. App. 1999). Therefore, Rule 609(a)(3) serves as a screening mechanism whereby prior convictions are admitted for impeachment when the potential for undue prejudice is outweighed by the probity of the conviction on the question of the defendant's credibility. Conversely, even prior convictions with a great deal of probity on the question of the defendant's credibility are often ruled inadmissible as impeachment material because the danger of undue prejudice is too great. For example, the trial judge in the instant case initially ruled that in this case where the defendant was on trial for burglary, evidence of his convictions for prior burglaries should be excluded. In our view, that was a correct decision.

The State in the instant case relies on State v. Kendricks, 947 S.W.2d 875, 882-83 (Tenn. Crim. App. 1996); for the proposition that the defendant, through his direct testimony concerning his criminal record, opened the door to a reversal of the trial judge's original decision to exclude the prior burglary convictions and thus was properly impeached by the State with the use of those convictions. However, the instant case is clearly distinguishable from Kendricks. In that case there does not appear to have been a hearing under Rule 609(a)(3) to determine which of any of the defendant's three (3) prior criminal convictions should be admissible as impeachment should the defendant testify in a first degree murder prosecution. On direct examination Kendricks was asked "do you have any history of any convictions for any kind of crime?" Kendricks replied, "returned checks." Id. In fact Kendricks also had convictions for drunk driving and marijuana

possession. This Court held that the defendant's less than complete response opened the door to being asked about the latter two (2) convictions. <u>Id</u>.

In the instant case there was a hearing in which the defendant's burglary convictions were ruled inadmissible. He was asked by his attorney on direct examination specifically about each of the prior misdemeanor theft convictions which were admissible in an effort to diffuse the impact of the prosecution's impeachment efforts. The defendant answered truthfully and completely about the only prior convictions ruled admissible at that point in the trial. This stands in marked contrast to the situation in <u>Kendricks</u> where the admissibility of none of the defendant's prior convictions had been determined and he was asked an opened ended questions such as "do you have any history of any convictions for any kind of crime?" In this case the defendant was under no obligation to testify on direct examination about prior convictions held inadmissible.

Moreover, the defendant's characterization of the theft offenses as misdemeanors does not change this result. This was a true statement as the prior theft convictions were indeed misdemeanors. It should be remembered that Rule 609(a)(3) is designed to protect a defendant from undue speculation about his prior record, not punish him for characterizing his *admissible criminal record* in an accurate fashion. Indeed, had the defense attorney not made it clear that the prior thefts were misdemeanors, the jury might well have speculated the thefts were serious felonies which they were not.[1] In summary, accurate preemptive direct examination of a criminal defendant with respect to his or her admissible criminal history is a common and reasonable defense tactic. Truthful characterization of that admissible criminal record does little to increase the possibility that a jury will speculate about a defendant's prior record beyond that inherent in Rule 609(a)(3) which by its very nature often gives juries an incomplete view of the defendant's criminal record. Against, this vague possibility of additional jury speculation is the clearly great potential for undue prejudice occasioned by the jury's having heard the defendant has committed crimes in the past virtually identical to that for which he is on trial. We believe the prior burglary convictions should have remained inadmissible throughout the trial and that in changing her mind on that question after the defendant's direct testimony the trial judge committed reversible error. Therefore, this case is reversed and remanded for a new trial in accordance with this opinion.

_____

JERRY L. SMITH, JUDGE

---

[1] Of course, the State is not allowed in impeachment to simply ask a criminal defendant about generic "prior felonies" or "felonies involving dishonesty" without actually specifying the prior felonies. <u>State v. Galmore</u>, 994 S.W.2d 120, 122 (Tenn. 1999). This is to avoid speculation on the jury's part that the generic "prior felony" is the same one for which the defendant is on trial and to allow the jury to properly evaluate the prior crimes held admissible under Rule 609(a)(3) in determining the defendant's credibility. But it does not prohibit either the defense or the prosecution from accurately characterizing admissible prior crimes as felonies or misdemeanors once the crime is properly identified.