STATE of Tennessee, Plaintiff-Appellee,

v.

Roy ROBERTS, Defendant-Appellant.

Supreme Court of Tennessee, at Jackson.

Jan. 27, 1986.

Mike Mosier, Henderson, for defendant-appellant.

Ann Lacy Johns, Asst. Atty. Gen., W.J. Michael Cody, Atty. Gen. & Reporter, of counsel; Nashville, for plaintiff-appellee.

## OPINION

BROCK, Justice.

In the trial court the defendant was charged with the offense of aggravated assault but was convicted of the offense of assault and battery and sentenced to serve 11 months and 29 days in the workhouse, all but 30 days of which was suspended; defendant was also ordered to pay a fine of $50.00

The Court of Criminal Appeals in a 2 to 1 decision, Judge Dwyer dissenting, affirmed the conviction and sentence, rejecting the defendant's claim that the trial court had committed reversible error in permitting the State, over the objection of the defendant, to prove that the defendant had been convicted, approximately 6 years prior to this trial, of assault and battery in another case wholly distinct and separate from the charge on trial. This evidence was admitted by the trial court on the theory that it was admissible to affect the credibility of the defendant as a witness; the majority of the Court of Criminal Appeals sustained the action of the trial court in admitting evidence of the former conviction on a different ground, viz., that it was relevant to show the defendant's intent to commit the assault and battery in the instant case.

 Our recent decisions in *State v. Parton*, Tenn., 694 S.W.2d 299 (1985), and *Bunch v. State*, Tenn., 605 S.W.2d 227 (1980), require that the decisions of the trial court and the Court of Criminal Appeals in this case be reversed and this cause remanded for a new trial. The admission of evidence that the defendant had on a previous occasion been convicted of the offense of assault and battery was not admissible upon any theory under the evidence of this case. "Evidence of other offenses is not admissible for the purpose of showing propensity or disposition on the part of the defendant to commit the crime for which he is on trial." *State v. Parton, supra*, at 303. The only factual issue in this case is whether or not the defendant acted in self defense, as he claimed; evidence that he had been convicted of assault and battery 6 years prior to the offense alleged in this case was in no wise relevant.

 Neither can we conclude that this error was harmless. The evidence was conflicting on the issue of self defense and it may be, as stated by Judge Dwyer in his dissenting opinion, that:

> "When the prior conviction was shown, it may have settled all questions for the jury, allowing them to conclude that because *he did it once, more than likely he did it again.*"

The conviction and sentence are reversed and vacated and this cause is remanded to the trial court for a new trial. Costs incurred on appeal are taxed against the State.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.