# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 20, 2008

## STATE OF TENNESSEE v. BYRON LEBRON ROSHELL

**Appeal from the Criminal Court for Davidson County**
**No. 2007-A-577          Cheryl Blackburn, Judge**

_____

**No. M2007-02358-CCA-R3-CD - Filed April 2, 2009**

_____

JOSEPH M. TIPTON, P.J., dissenting.

I respectfully dissent from the majority opinion's conclusion that proof of prior drug sales by the defendant was properly admitted. I conclude that this proof was prejudicial and essentially irrelevant to the issues in the trial. I would reverse the judgment of conviction and grant a new trial.

The majority opinion states that the State sought to prove that Pierre Martin had bought drugs from the defendant on many previous occasions to refute the defendant's "argument" that the transaction was a casual exchange. The trial court, though, did not hold that the evidence of prior sales was admissible on that issue. Rather, the trial court found that the evidence was admissible to prove "a complete story of the crime and the relationship of the parties." It also said that the evidence was for the purpose of rebutting the defendant's "allegations" that the informant was lying and that Martin just "happened to call" the defendant; that is, it explained why Martin called the defendant.

The State had Martin acknowledge that he had bought drugs from the defendant before and that, to his knowledge, the defendant was "in the business of selling drugs." At that point, the trial court instructed the jury not to consider the criminal behavior evidence as to the defendant's predisposition but as to whether it was a "complete story of the crime," i.e., "whether the prior behavior and the present alleged crime are logically related or connect[ed] or are necessary for a complete account thereof or to show motive . . . or his intent."

The majority opinion concludes the prior sales were admissible because they refuted defense counsel's "allegations" that the defendant was only guilty of a casual exchange of drugs. It concludes that the prior sales were admissible to explain why Martin called the defendant when the informant wanted to buy cocaine. It also concludes that the sales explain the defendant's motive and intent in selling the drugs to the informant. I believe, however, that none of the reasons apply and that the prejudice of the prior sales evidence outweighed any probative value they might have other than propensity.

As for refuting defense counsel's "argument" or "allegations" that the transaction was only a casual exchange, I find nothing in the record other than the request for a casual exchange instruction to support this statement. The defense neither stated nor argued to the jury, nor questioned witnesses, nor submitted evidence regarding a casual exchange. The defense essentially assailed the credibility of the informant and Martin. In this regard, the defendant's request for a casual exchange instruction before the trial started did not constitute evidence that the State was entitled to refute in its case-in-chief through showing prior drug sales. See State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988) (holding that statements of counsel during the course of a hearing are not evidence).

As for the other crimes providing "contextual background," the majority opinion essentially ignores the defendant's contention by noting that the state did not offer the evidence for that purpose. This ignores, though, the fact that the trial court admitted the evidence for such a purpose and instructed the jury accordingly. In my opinion, the test provided in State v. Gilliland, 22 S.W.3d 266, 272 (Tenn. 2000), is not met in this case. Proving the reason Martin called the defendant when the informant wanted cocaine was wholly irrelevant to the issues. There simply was no need to prove the sales for a "complete story" of the offense on trial.

Proof of the defendant's committing crimes similar to the one on trial is obviously prejudicial. It tends to lead a jury to convict based upon the previous offenses. See State v. Roberts, 703 S.W.2d 146, 147 (Tenn. 1986) (quoting the dissent of Court of Criminal Appeals Judge Robert K. Dwyer, who stated that the proof of a prior conviction for a similar crime allowed the jury "to conclude that because he did it once, more than likely he did it again"); see State v. Luellen, 867 S.W.2d 736, 741 (Tenn. Crim. App. 1992) (holding that reversible error occurred in a possession of cocaine with intent to sell case when the trial court admitted proof of several prior cocaine and marijuana possessions by the defendant for the purported purpose of showing intent). I would reverse the conviction and remand the case to the trial court for a new trial.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE